UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

BLADEROOM GROUP LIMITED, et al.,

Plaintiffs,

v.

FACEBOOK, INC., et al.,

Defendants.

Case No.  5:15-cv-01370-EJD

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

Re: Dkt. No. 128

## I.    INTRODUCTION

As detailed in a companion order filed this same date,[1] Plaintiffs BladeRoom Group Limited ("BRG") and Bripco (UK) Limited ("Bripco") (collectively, "Plaintiffs") allege that Defendants Facebook, Inc. ("Facebook"), Emerson Electric Co., Emerson Network Power Solutions, Inc. and Liebert Corporation[2] enticed them to reveal their data center designs and construction methods with promises of acquisition and partnership, only to then copy those designs and methods and pass them off as their own.

Federal jurisdiction arises pursuant to 28 U.S.C. §§ 1331 and 1332.  Presently before the court is the Emerson Defendants' effort under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiffs' Second Amended Complaint ("SAC").  Dkt. No. 128.  Plaintiffs oppose the motion. Because some of the Emerson Defendants' arguments are similar to unsuccessful ones made by

---

[1] The court does not repeat the detailed background included in the order addressing Facebook's Motion to Dismiss, but incorporates that background here and references the facts as necessary.

[2] Emerson Electric Co., Emerson Network Power Solutions, Inc. and Liebert Corporation are referred to collectively as the "Emerson Defendants."

1

Case No.: 5:15-cv-01370-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

United States District Court
Northern District of California

Facebook, they fail for the same reasons.  As for those arguments not previously addressed, only one succeeds.  The Emerson Defendants' motion will therefore be granted in part and denied in part for the reasons explained below.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Id. at 556-57.  A complaint that falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

When deciding whether to grant a motion to dismiss, the court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009).  The court must also construe the alleged facts in the light most favorable to the plaintiff.  See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014) (providing the court must "draw all reasonable inferences in favor of the nonmoving party" for a Rule 12(b)(6) motion).  However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678.

Also, the court usually does not consider any material beyond the pleadings for a Rule 12(b)(6) analysis. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990).  Exceptions to this rule include material submitted as part of the complaint or relied upon in the complaint, and material subject to judicial notice.  See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001).

United States District Court
Northern District of California

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## III.   DISCUSSION

In the SAC, Plaintiffs assert claims against the Emerson Defendants for: (1) misappropriation of trade secrets in violation of the California Uniform Trade Secrets Act ("CUTSA"), California Civil Code § 3426.1; (2) violation of the Unfair Competition Law ("UCL"), California Business and Professions Code § 17200 et seq., and (3) breach of contract. The Emerson Defendants' arguments against these claims are discussed below.

### A.   Sufficiency of Allegations Against the Emerson Defendants

The Emerson Defendants argue the SAC is generally defective because it does not separately specify the alleged conduct Plaintiffs attribute to each Emerson-affiliated defendant. The court disagrees the SAC fails for that reason.

Since none of Plaintiffs' claims are subject to the heightened standard mandated by Federal Rule of Civil Procedure 9(b), the SAC is governed by Rule 8(a)(2)'s notice pleading requirement. Thus, the pleading must only contain "a short and plain statement" of the claims showing that Plaintiffs are "entitled to relief." Fed. R. Civ. P. 8(a)(2). This liberal pleading rule simply requires "that the averments of the complaint sufficiently establish a basis for judgment against the defendant." Yamaguchi v. United States Dep't of the Air Force, 109 F.3d 1475, 1481 (9th Cir. 1997).

The SAC's detailed allegations satisfy Rule 8(a)(2). As they explain in their opposition to this motion, Plaintiffs have pled two categories of allegations against the Emerson Defendants: those for which they believe those defendants are jointly responsible, and those for which an individual defendant is separately responsible. Those allegations are sufficient to place the Emerson Defendants on notice of all of the conduct forming the basis of Plaintiffs' claims against them, whether the conduct was collectively undertaken or separately undertaken. The Emerson Defendants are free to test Plaintiffs' allegations or pursue further detail through discovery.

Accordingly, Plaintiffs' claims will not be dismissed for failure to comply with Rule 8(a)(2).

3

United States District Court
Northern District of California

### B.    Misappropriation of Trade Secrets and UCL

The Emerson Defendants respond to the trade secret misappropriation and UCL claims with the same challenges as Facebook. As to the misappropriation claim, they argue BRG cannot maintain it because BRG is a licensee, that Bripco failed to allege damages, and that Plaintiffs defeated any efforts at secrecy when BRG disclosed the trade secrets to third parties at a meeting in 2012.  As to the UCL claim, the Emerson Defendants contend it is preempted by CUTSA, and that the "unlawful" and "unfair" prongs of the claim fail.

Nearly identical iterations of these arguments were rejected in the order addressing Facebook's motion to dismiss, and that discussion is equally applicable and incorporated here. The Emerson Defendants' motion to dismiss the trade secret misappropriation and UCL claims will therefore be denied.

### C.    Breach of Contract

The Emerson Defendants move to dismiss the breach of contract claim to the extent Plaintiffs have incorporated allegations amounting to a breach of the covenant of good faith and fair dealing.  This portion of their motion is meritorious.

Though Plaintiffs attempt a convoluted "alternative theory" argument to justify inclusion in their breach of contract claim allegations asserting a breach of the covenant, resolution of this issue is a relatively straightforward matter.  In California, "[t]he standard elements of a claim for breach of contract are '(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom.'"  Wall St. Network, Ltd. v. New York Times Co., 164 Cal. App. 4th 1171, 1178 (2008) (quoting Regan Roofing Co. v. Super. Ct., 24 Cal. App. 4th 425, 434-35 (1994)).  "To plead breach, a claimant must allege how the non-claimant breached a relevant term of the alleged contract."  May v. Semblant, Inc., No.: 5:13-CV-01576-EJD, 2013 U.S. Dist. LEXIS 139714, at *15, 2013 WL 5423614 (N.D. Cal. Sept. 27, 2013) (citing Parrish v. Nat'l Football League Players Ass'n, 534 F. Supp. 2d 1081, 1096 (N.D. Cal. 2007)).

In contrast, a claim for breach of the implied covenant of good faith and fair dealing is not

4

1  based on the breach of an explicit contractual term.  See Careau v. Sec. Pac. Bus. Credit, Inc., 222

2  Cal. App. 3d 1371, 1394 (1990) ("A breach of the implied covenant of good faith and fair dealing

3  involves something beyond breach of the contractual duty itself.").  Indeed, "the factual elements

4  necessary to establish a breach of the covenant of good faith and fair dealing are: (1) the parties

5  entered into a contract; (2) the plaintiff fulfilled his obligations under the contract; (3) any

6  conditions precedent to the defendant's performance occurred; (4) the defendant unfairly

7  interfered with the plaintiff's rights to receive the benefits of the contract; and (5) the plaintiff was

8  harmed by the defendant's conduct." Rosenfeld v. JPMorgan Chase Bank, N.A., 732 F. Supp. 2d

9  952, 968 (N.D. Cal. 2010). The covenant is "implied by law in every contract," and "exists merely

10  to prevent one contracting party from unfairly frustrating the other party's right to receive the

11  benefits of the agreement actually made." Guz v. Bechtel Nat'l Inc., 24 Cal. 4th 317, 349 (2000)

12  (emphasis preserved).  If the defendant's "acts are directly actionable as a breach of an implied-in-

13  fact contract term, a claim that merely realleges that breach as a violation of the covenant is

14  superfluous." Id. at 352.

15      Putting all of this together, what emerges is this conclusion: "[i]n California, breach of

16  contract and breach of the implied covenant of good faith and fair dealing are two distinct claims."

17  May, 2013 U.S. Dist. LEXIS 139714, at *17.  Because a claim for breach of contract requires the

18  plaintiff to identify an act that violates a specific contractual provision, conduct that only amounts

19  to a breach of the implied terms relevant to a covenant claim cannot suffice.  Conversely, breach

20  of an express contractual term is actionable only through a claim for breach of contract and not

21  through a claim for breach of the covenant, because in that scenario the latter claim would be

22  superfluous.

23      Plaintiffs' alternative breach of contract theory fails under this reasoning.  Aside from the

24  allegations addressing specific contractual provisions, Plaintiffs allege that "to the extent the

25  Emerson Defendants did not breach any term of the [agreement], they breached the covenant of

26  good faith and fair dealing by unfairly interfering with Plaintiffs' right to receive the benefit of the

27

28  Case No.: 5:15-cv-01370-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO
DISMISS

United States District Court
Northern District of California

5

1    contract." SAC, at ¶ 163. This simply cannot be in the context of a claim for breach of contract.

2    Even as Plaintiffs explicitly acknowledge through their own allegations, the purported breach of

3    the covenant they reference is not based on the breach of an explicit contractual term.

4         In short, Plaintiffs cannot circumvent the previous dismissal of their claim for breach of the

5    covenant of good faith and fair dealing by just restating those allegations in their breach of

6    contract claim. Accordingly, the breach of contract claim against the Emerson Defendants will be

7    dismissed, but only to the extent it is based on the allegations alleging a breach of the covenant.

8    And since those allegations cannot support the claim as a matter of law, the dismissal will be

9    without leave to amend. See Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1129-30

10   (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

11   **IV.   ORDER**

12        Based on the foregoing, the Emerson Defendants' Motion to Dismiss (Dkt. No. 128) is

13   GRANTED IN PART and DENIED IN PART. The motion is GRANTED as to the fifth cause of

14   action for breach of contract to the extent it is based on allegations of breach of the covenant of

15   good faith and fair dealing, which allegations are DISMISSED WITHOUT LEAVE TO AMEND.

16   The motion is denied in all other aspects.

17        Plaintiffs have been permitted limited leave to file an amended complaint on or before

18   February 28, 2017. If no amended complaint is filed by that date, the Emerson Defendants shall

19   file an Answer to the SAC on or before **March 15, 2017.**

20

21        **IT IS SO ORDERED.**

22   Dated:  February 10, 2017

23   _____

24   EDWARD J. DAVILA
     United States District Judge

25

26

27                                                   6

28   Case No.: 5:15-cv-01370-EJD
     ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO
     DISMISS

United States District Court
Northern District of California