UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BLADEROOM GROUP LIMITED, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., et al.,<br><br>Defendants. | Case No. 5:15-cv-01370-EJD   (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NOS. 5 AND 7**<br><br>Re: Dkt. Nos. 167, 181 |

**Introduction**

Plaintiffs sue defendants for alleged misappropriation of trade secrets and confidential information ("secrets") concerning designs of and construction methods for large, modular data centers. Here, the court addresses disputes over site inspections of various data centers. Discovery Dispute Joint Reports (DDJRs) #5 and #7 are sufficiently similar that both can be decided in a single order.

**DDJR #5**

Plaintiffs want to inspect Facebook's data centers Lulea 1 and 2 in Sweden and another one in Altoona, Iowa. Facebook does not object to Lulea 2, but cannot agree with plaintiffs about when that inspection should take place. Facebook says Lulea 1 and Altoona are not relevant, although it left the door open for an inspection of Altoona at a later time.

As for Lulea 2, Facebook wants to hold off on the plaintiffs' inspection until the court rules

on whether Facebook's proposed testifying expert, KC Mares, can have access to plaintiffs' attorney eyes only information. It is not entirely clear to this court why a ruling on Mares would matter in the timing of an inspection of Facebook's own facility. Nevertheless, this reason to wait has been mooted because the court now has ruled on Mares.

As for Lulea 1, Facebook maintains that it was designed and constructed before any of plaintiffs' alleged trade secrets were disclosed, and thus is not relevant. Plaintiffs say that Lulea 1 is relevant precisely because it is a Facebook data center in the "before" condition, and a comparison of Lulea 2 with Lulea 1 will show that Lulea 2 was built with the benefit of plaintiffs' secrets. Of course, there could be a host of good reasons why Lulea 2 may be different than Lulea 1, but the court is satisfied that plaintiffs should be allowed to look.

A further dispute over the two Swedish sites is: how much time should plaintiffs have to do the inspections? Plaintiffs want a full day at each. Facebook offers a half day at Lulea 1 if plaintiffs will agree for a half day at Lulea 2. Neither side gives the court any information that might enable it to thoughtfully estimate what a fair and reasonable time would actually be. The court is wary, if it imposed the time limits urged by Facebook, that it would be confronted with a post-inspection DDJR in which plaintiffs complained that they had had insufficient time to inspect.

As for the Altoona data center, plaintiffs quote from documents obtained from a non-party that suggest (in the plaintiffs' view) that their secrets were used in Altoona. And, Facebook does not really push too hard on lack of relevance, relying primarily on arguing that plaintiffs' inspection of this site should wait until after they have been shown a comparable "mock-up" in Menlo Park and only then deciding if they still wanted to see the real thing in Altoona. By now, months have gone by, and, whether or not they have seen the mock-up, if they still want to see Altoona, they may do so.

**DDJR #7**

In DDJR #7 the tables are turned. This one is about the Tech Center, the plaintiffs' demonstration data center in Illinois. This, apparently, is where plaintiffs brought potential customers to see what they had on offer. At some point, employees of Facebook visited this site.

All agree that Facebook may inspect it.  The problem has been one of timing.  Facebook has held off doing the inspection because it has not been able to include the presence of KC Mares, its intended expert witness on data centers.  The plaintiffs objected to disclosure of their alleged trade secrets to Mares, an objection that was presented to the court in DDJR #1.  Unless and until the court ruled on whether Mares could see the secret stuff, Facebook could not (would not) conduct the inspection.

The plaintiffs announced an intention to disassemble the Tech Center, store it for a while, then reinstall it in Michigan.  Facebook objected. It wants to inspect it in situ, "as is," presumably as it was when their employees visited.  Facebook even raised the specter of spoliation of evidence if the Tech Center is moved before an inspection.  (No one tells the court whether visitors to the Tech Center were required to sign nondisclosure agreements.  Facebook seems to imply that the plaintiffs' so-called secrets were out on full display.)  Hopefully, the Tech Center has not been carted away.

The court very recently ruled that Mares could not see the plaintiffs' attorney eyes only information, so Facebook now needs a new expert.  It better move quickly.

**Conclusion**

1. Within 60 days from the date of this order, plaintiffs may inspect Lulea 1 and 2 and Altoona.  They may have one full day for each inspection.
2. Within 60 days from the date of this order Facebook may inspect for one full day the Tech Center in Illinois in an "as is" condition.

SO ORDERED.[1]

Dated:   March 7, 2017

HOWARD R. LLOYD
United States Magistrate Judge

---

[1] The court would consider extending the 60-day deadline if problems arise in securing plaintiffs' consent to the expert retained by Facebook to replace Mares.  The court understands that no one objects to the Emerson defendants attending site inspections and urges the parties to include them in the scheduling arrangements.

5:15-cv-01370-EJD Notice has been electronically mailed to:

Anthony David Giles    anthony@anthonygiles.com

Elizabeth Lee Stameshkin    lstameshkin@cooley.com

Erik Christopher Olson    eolson@fbm.com, calendar@fbm.com, shunt@fbm.com

Eugene Y. Mar    emar@fbm.com, calendar@fbm.com, mclaros@fbm.com

Heidi Lyn Keefe    hkeefe@cooley.com, jmcintosh@cooley.com

James Alexander Reese    areese@fbm.com

Jeffrey M. Fisher    jfisher@fbm.com, calendar@fbm.com, renterig@fbm.com, wpemail@fbm.com

Julia Frederika Kropp    jkropp@fbm.com, bwestburg@fbm.com, calendar@fbm.com

Kristine Anne Forderer    kforderer@cooley.com, rcahill@cooley.com, swarren@cooley.com

Mark Frederick Lambert    mlambert@cooley.com, lalmanza@cooley.com

Mark R. Weinstein    mweinstein@cooley.com, patricia.russell@cooley.com

Matthew David Caplan    mcaplan@cooley.com, smartinez@cooley.com

Melinda Mae Morton    mindy.morton@procopio.com, calendaring@procopio.com, gail.poulos@procopio.com

Michael Graham Rhodes    rhodesmg@cooley.com, lopezre@cooley.com, moyespe@cooley.com

Robert H. Sloss    robert.sloss@procopio.com, calendaring@procopio.com, gail.poulos@procopio.com

Robert Thomas Cahill , Jr    rcahill@cooley.com

Stephanie Powers Skaff    sskaff@fbm.com, bwestburg@fbm.com, calendar@fbm.com

4