UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BLADEROOM GROUP LIMITED, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., et al.,<br><br>Defendants. | Case No. 5:15-cv-01370-EJD   (HRL)<br><br>**\*\*REDACTED\*\***<br>**ORDER RE DISCOVERY DISPUTE**<br>**JOINT REPORT NO. 3**<br><br>Re: Dkt. No. 147 |

At issue in Discovery Dispute Joint Report (DDJR) No. 3: whether plaintiffs should be compelled to provide further responses to Facebook's Interrogatories 1 and 7-9 to BladeRoom Group Limited ("BRG") and Interrogatories 4-6 to Bripco (UK) Limited ("Bripco"). Briefly stated, these interrogatories ask plaintiffs to describe, for each alleged trade secret identified in their trade secrets disclosure, the circumstances of disclosure to any person;[1] every instance in which Facebook allegedly uses the claimed trade secret;[2] and the value to Facebook and the value to plaintiffs of the claimed trade secret.[3]

Facebook's chief complaint is that plaintiffs' interrogatory responses do not provide information for each of the 25 alleged trade secrets at issue. Rather, Facebook says that plaintiffs

---
[1] Interrogatory 1 to BRG
[2] Interrogatory 7 to BRG; Interrogatory 4 to Bripco
[3] Interrogatories 8-9 to BRG; Interrogatories 5-6 to Bripco

1  meld them all together. Plaintiffs do not dispute that in their responses they lumped all 25 alleged
2  trade secrets together and explain "that Plaintiffs' trade secrets are not a collection of 25 unrelated
3  and 'separate purported trade secrets,' but, rather, a system of numerous designs, components, and
4  techniques for the construction of warehoused-sized data centers in a modular fashion" (Dkt. 147,
5  DDJR #3 at 7:13-15). Plaintiffs go on to say that these 25 secrets form a system that is a "unitary
6  product."

Actually, plaintiffs get tangled up in their words. They write that it is "erroneous" that they have claimed misappropriation of 25 "*separate*" trade secrets in this action. Then they go on to say: "While the Disclosure includes a list of 25 *separate* trade secrets that relate to different aspects of their methodology and the BladeRoom product, Plaintiffs do not market or offer to sell their trade secrets separately . . .." (DDJR #3 at 8:22-24) (emphasis added). So the trade secrets are both separate and not separate? Or, does the word separate have varying meanings?

Are we are dealing with one big secret (a unitary product) that is composed of 25 "sub-secrets"? If so, what would be the outcome of the case if plaintiffs failed to convince the trier of fact that Facebook had misappropriated all 25 sub-secrets? Suppose plaintiffs only proved one or two of the claimed secrets in their trade secret disclosures were copied by Facebook? Defense verdict?

Furthermore, plaintiffs' argument that the 25 secrets blend together into a unitary product and, accordingly, should not be examined individually is contradicted by their own words in their trade secret disclosures. There, they describe how they claim to have developed a better way to build warehouse-sized data centers:

[

REDACTED

]

1 [                REDACTED

2                                                                                         ]

It seems to the court that plaintiffs are trying to have it both ways. Maybe they can ultimately, but they cannot for purposes of how they must respond to discovery requests. Plaintiffs themselves have put the individual 25 secrets into play, and Facebook is entitled to get interrogatory responses that track all 25 individually.

Plaintiffs' objections that the interrogatories are overbroad, premature, and unduly burdensome are overruled. They may be waiting on their experts to solidify their damages, but months have gone by now and, if they have more to give, they must do so.

Plaintiffs' objection that the interrogatories are compound (and thus there should be a separate question for each of the 25 trade secrets, probably exceeding the allowable number of interrogatories under Fed. R. Civ. P. 33(a)(1)) is likewise overruled. Since plaintiffs claim that their data center secrets are woven into a unitary product, there is nothing compound about asking what goes into that product. Alternatively, if the court is incorrect, then it increases the allowable number of interrogatories to accommodate the ones at issue here.

The objection based on attorney client privilege and work product doctrine needs to be substantiated before the court can rule. When plaintiffs submit their supplemental answers, and if they are serious about this objection, they must include (without revealing the substance of the information) what they are withholding and why it is privileged or protected.

Within 14 days from the filing of this order plaintiffs shall provide further supplemental responses to the interrogatories at issue here.

SO ORDERED.

Dated:   March 9, 2017

_____
HOWARD R. LLOYD
United States Magistrate Judge