UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BLADEROOM GROUP LIMITED, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., et al.,<br><br>Defendants. | Case No. 5:15-cv-01370-EJD (HRL)<br><br>**\*\*REDACTED\*\***<br>**ORDER RE DISCOVERY DISPUTE**<br>**REPORT NO. 8**<br><br>Re: Dkt. No. 180 |

In Discovery Dispute Joint Report (DDJR) #8 defendants Emerson Electric Co., Emerson Network Power Solutions, Inc., and Liebert Corporation (collectively, the "Emerson defendants") seek an order compelling plaintiffs to provide further detail about their allegedly misappropriated trade secrets (Interrogatory #1) and also to separately identify any claimed misconduct by each of the Emerson defendants instead of lumping them together collectively (Interrogatories #1-11). Plaintiffs oppose both requests.

**Interrogatory #1**

Interrogatory #1 says: "Identify all trade secrets you allege that you disclosed to [each of the Emerson defendants]."

The Emerson defendants say that plaintiffs simply have not revealed enough about their claimed trade secrets to enable them to know what they are defending against. Nonsense, say plaintiffs. We disclosed them either in our Disclosure of Plaintiffs' Trade Secrets under California

1  Code of Civil Procedure § 2019.210 ("Disclosures") or in various documents we identified in our

2  response to Interrogatory #1.  In rejoinder, the Emerson defendants contend, in effect, that the

3  Disclosures are long on generalities and short on specifics.

4      Plaintiffs' first argument is that, if the Emerson defendants wanted more specificity in the

5  Disclosures, they should have moved for an order to supplement them.  Since they have not done

6  so, they have "waived" (plaintiffs' word) the contention that the disclosure is inadequate.

7  Plaintiffs cite no authority for this rather curious proposition, and the court sees nothing wrong

8  with using discovery (Interrogatory #1) to get more specificity.  Indeed, discovery was exactly the

9  right way to go about probing the facts and, perhaps, exposing the weaknesses of an opposing

10 party's claims.  The court rejects plaintiffs' argument.

11     Equally troubling is the plaintiffs' assertion that Interrogatory #1 only asked that their trade

12 secrets be "identif[ied]," and that they had already done that in their Disclosures.  Plaintiffs say

13 that if the Emerson defendants had wanted something more than the identity of the trade secrets,

14 they should have propounded an interrogatory that pointedly asked for specifics, and plaintiffs

15 would have been happy to comply.  Here, plaintiffs are exalting form over substance.  Obviously,

16 defendants wanted specifics, or why bother to propound the interrogatory at all?  Furthermore, the

17 Disclosures did not, in this court's view, for the most part adequately "identify" the trade secrets

18 with the "reasonable particularity" that Cal. Code Civ. Proc. § 2019.210 requires.  And, since

19 plaintiffs tell the court that they would have fleshed out their Disclosures if the Emerson

20 defendants had only asked the right question, they should have no problem doing that now that the

21 court has clarified the question for them.

REDACTED

2

REDACTED

In short, the court is persuaded that plaintiffs owe the Emerson defendants a supplemental response to Interrogatory #1 that addresses all the claimed trade secrets as to the shortcomings the court has described by example above.

### Interrogatories #1-11

The Emerson defendants are three separate, presumably related, entities. In Interrogatories #1-11 each asked plaintiffs to state (individually), which entity received what secret, which entity misappropriated what secret, which caused damages, and so on. Plaintiffs responded by providing identical answers for each entity and made no attempt to separate out who did what.  Plaintiffs explained they would need further discovery to figure that out and offered to supplement their responses later.  That was months ago.  "Later" is now.  Plaintiffs shall now respond separately and particularly to each of the three Emerson defendants.

### Conclusion

Plaintiffs will submit supplemental interrogatory responses within 14 days from the filing of this order.

SO ORDERED.

Dated:   March 13, 2017

HOWARD R. LLOYD
United States Magistrate Judge