United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BLADEROOM GROUP LIMITED, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., et al.,<br><br>Defendants. | Case No. 5:15-cv-01370-EJD (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 4**<br><br>Re: Dkt. Nos. 157, 158 |

In Discovery Dispute Joint Report (DDJR) #4, the plaintiffs (BladeRoom Group Limited and Bripco (UK) Limited) seek an order requiring the Emerson defendants (Emerson Electric Co. Emerson Network Power Solutions, Inc., and Liebert Corporation) to make a wholesale de-designation of documents they produced marked "Attorneys' Eyes Only" (AEO). Plaintiffs urge the court to conclude that, excluding financial documents, any Emerson document more than two years old simply does not qualify to be marked AEO. Plaintiffs also want the same treatment for newer Emerson documents, although they would permit additional exceptions. The Emerson defendants insist that challenges to an AEO designation should be made individually, document by document, an approach plaintiffs have refused to take.

As is typical in a case about sensitive proprietary information, all parties agreed to, and the court accepted, a Stipulated Protective Order ("Order"). (Dkt. #54, 118). In pertinent part, the Order allowed parties, when producing information in discovery, to designate as AEO "extremely

1  sensitive 'Confidential Information or Items,' disclosure of which to another Party or Non-Party
2  would create a substantial risk of serious harm that could not be avoided by less restrictive
3  means." (Dkt. 54 ¶ 2.8). Each party was enjoined to take care and exercise restraint so as to not
4  place a higher level of protection on a document than it actually warranted. (*Id.* ¶ 5.1). AEO
5  documents could only be disclosed to two Designated House Counsel of the receiving party.
6  (This was to wall off competitive information from the adversary's decision makers.) And, even
7  the two Designated House Counsel must have a need to know and not be involved in competitive
8  decision making. (*Id.* ¶ 7.3). The Order established a protocol for challenging AEO designations
9  (i.e., claiming a de-designation is warranted) which began with the parties meeting and conferring
10 over each questioned document. (*Id.* ¶ 7.5). It is undisputed that the Order contemplates the
11 review will take place document by document.
12      Plaintiffs say that a document by document review is "plainly unworkable" because there
13 are just too many AEO documents. Plaintiffs tell the court that the Emerson defendants produced
14 nearly 68,000 documents and fully 82% were designated AEO, arguing that no one could
15 plausibly assert that 82% of their documents were AEO. What they do not say is how many (and
16 which ones) they think are not worthy of the AEO designation. None of them? The court notes
17 that, according to the Emerson defendants, the plaintiffs designated 94% of their document
18 production as AEO. The court has trouble concluding that a high percentage of AEO documents
19 must mean that there is a high degree of over-designation.
20      To buttress their argument, plaintiffs move for leave to file 13 exhibits. These are
21 described as "examples" of the Emerson defendants' over-designation of AEO. The Emerson
22 defendants object to the motion on the quite reasonable ground that some of these exhibits were
23 not part of the dialog between counsel that led up to the drafting and submission of this DDJR,
24 that they have not had a chance to weigh in on them, and that---in any event---this DDJR is not
25 about de-designating these 13 documents. The court overrules the objection and grants the
26 motion.
27      As for the 13 exhibits, some did raise questions in the court's mind; and, the Emerson
28 defendants now advise that 5 of those 13 exhibits were incorrectly marked "AEO" and should not

have any confidentiality designation. (Dkt. 160). Even so, the court does not reach the conclusion that plaintiffs urge. None of the remaining 8 exhibits are so obviously over-designated that the court would accept plaintiffs' word for it. If this DDJR was about reviewing and possibly de-designating some of these after the requisite meet and confer process had been fully explored, that would be different. But, that is not why they are offered.

Putting aside that defendants now say 5 of the exhibits are not confidential, these 13 exhibits, carefully chosen no doubt, represent a .0002% sample of the Emerson defendants' AEO documents. Even if, arguendo, all 13 looked at first blush as if they were over-designated, the sample is much too small to support an inference that there is wholesale over-designation.

Furthermore, plaintiffs' proposed remedy is draconian. Instead of looking at whether an AEO document contains information warranting such a high degree of protection, plaintiffs want the court to impose a metric that is based on the date on the document. If the document is over two years old, it is (unless it contained financial information) not AEO. Period. If less than two years old, it also is not AEO (unless it has financial information, prospective customer contacts, or design trade secrets).

The court is unwilling to reach the conclusion that such a remedy would actually address the claimed over-designation problem. Rather, the remedy simply does away with the Order's definition of AEO and substitutes a new one (date on the document). How can the court with confidence say a document over two years old cannot be AEO? Or, that a more recent document cannot be designated AEO unless it meets some vague exception? This will not work. Indeed, if the court imposed this remedy, one can imagine the disputes that would arise over whether a document did or did not fit one of the exceptions that would allow it to be stamped AEO.

Plaintiffs' request for an order de-designating the Emerson defendants' AEO documents on the basis of their date is denied.

SO ORDERED.

Dated: March 16, 2017

HOWARD R. LLOYD
United States Magistrate Judge

3