**COOLEY LLP**
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
MATTHEW D. CAPLAN (260388) (mcaplan@cooley.com)
KRISTINE A. FORDERER (278745) (kforderer@cooley.com)
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:     (415) 693-2000
Facsimile:     (415) 693-2222

**COOLEY LLP**
HEIDI L. KEEFE (178960) (hkeefe@cooley.com)
MARK F. LAMBERT (197410) (mlambert@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:     (650) 843-5000
Facsimile:     (650) 849-7400

Attorneys for Defendant
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BLADEROOM GROUP LIMITED, et al., | Case No.  15-cv-01370 EJD |
| Plaintiffs, | ~~PROPOSED~~ AMENDED LETTER OF REQUEST FOR CARL BATCHELOR |
| v. | |
| FACEBOOK, INC., EMERSON ELECTRIC CO., EMERSON NETWORK POWER SOLUTIONS, INC. and LIEBERT CORPORATION, | |
| Defendants. | |

**Redacted Version of Document Sought To Be Sealed**

Cooley LLP
Attorneys At Law
San Francisco

1.

~~PROPOSED~~ AMENDED LETTER OF REQUEST
FOR CARL BATCHELOR
CASE NO. 15-cv-01370 EJD

## REQUEST FOR JUDICIAL ASSISTANCE PURSUANT TO THE
## HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD
## IN CIVIL OR COMMERCIAL MATTERS CONCLUDED 18 MARCH 1970

To:     Senior Master of the Queen's Bench Division
        For the attention of the Foreign Process Section
        Room 16
        Royal Courts of Justice
        Strand
        London, England WC2A 2LL

From: Howard R. Lloyd, United States Magistrate Judge
      United States District Court for the Northern District of California

Re:     Request for Judicial Assistance Pursuant to the Hague Convention on the Taking
        of Evidence Abroad in Civil or Commercial Matters Concluded 18 March 1970

**I.      Information provided pursuant to Convention Article 3(a).**

A.      Requesting Court.

In conformity with Article 3 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, concluded 18 March 1970 (the "Convention"), the United States District Court for the Northern District of California (United States District Judge Edward J. Davila and United States Magistrate Judge Howard R. Lloyd presiding), respectfully requests the assistance of your honorable court with regard to the matters set forth below.

The Court considers that the evidence sought is directly relevant to the issues in dispute and is not pre-trial discovery within the meaning of Article 23 of the Hague Evidence Convention, that is, discovery intended to lead to relevant evidence for trial. The evidence sought is to be used—and would be admissible—in the trial in California.

B.      Full title of action.

The full title of the action in which international judicial assistance is requested is:

Bladeroom Group Limited and Bripco (UK) Limited v. Facebook, Inc., Emerson Electric Co., Emerson Network Power Solutions, Inc., and Liebert Corporation.

The case number of the action in the United States District Court for the Northern District of California is 15-cv-1370-EJD.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

~~PROPOSED~~ AMENDED LETTER OF REQUEST
FOR CARL BATCHELOR
CASE NO. 15-CV-01370 EJD

II.   **Information provided pursuant to Convention Article 3(b).**

   A.   Names of the parties to the action.

   The plaintiffs in this action are Bladeroom Group Limited ("BRG") and Bripco (UK) Limited ("Bripco") (together, "Plaintiffs"). BRG is a privately held company organized under the laws of England with a registered office at Stella Way, Bishop's Cleeve, Cheltenham, Gloucestershire GL52 7DQ. Bripco is a privately held company organized under the laws of England with a registered office at Stella Way, Bishop's Cleeve, Cheltenham, Gloucestershire GL52 7DQ.

   Plaintiffs are represented in this action by the law firm Farella Braun + Martel LLP, 235 Montgomery Street, 17th Floor, San Francisco, California, 94104.

   The defendants in this action are Facebook, Inc. ("Facebook"), Emerson Electric Co. ("Emerson"), Emerson Network Power Solutions, Inc. ("ENPS"), and Liebert Corporation ("Liebert") (collectively, "Defendants"). Facebook is a publicly traded company organized under the laws of Delaware with a principal place of business at 1601 Willow Road, Menlo Park, California 94025. Emerson is a privately held company organized under the laws of Missouri with a principal place of business at 8000 West Florissant Avenue, St. Louis, Missouri, 63136. ENPS is a privately held company organized under the laws of Delaware with a principal place of business at 1050 Dearborn Drive, Columbus, Ohio 43085. Liebert is a privately held company organized under the laws of Ohio with a principal place of business at 1050 Dearborn Drive, Columbus, Ohio 43085.

   Facebook is represented in this action by the law firm Cooley LLP, 101 California Street, 5th Floor, San Francisco, CA 94111-5800.

   Emerson, ENPS and Liebert (collectively, "Emerson Defendants") are represented in this action by the law firm Procopio, Cory, Hargreaves & Savitch LLP, 1117 S. California Ave., Suite 200, Palo Alto, CA 94304.

III.   **Information provided pursuant to Convention Article 3(c).**

   Plaintiffs make the following allegations in their Second Amended Complaint

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3.

~~PROPOSED~~ AMENDED LETTER OF REQUEST
FOR CARL BATCHELOR
CASE NO. 15-CV-01370 EJD

("Complaint" or "Compl."), the operative pleading in this action.[1] Defendants deny they have engaged in any wrongful conduct with respect to Plaintiffs.

Facebook provides online services that allow users to stay connected with friends and family, to discover what's going on in the world and to share and express what matters to them. Among other things, users can use the Facebook platform to upload photos and videos, and share comments and other content. Facebook stores this data in multiple data centers containing thousands of servers globally, including data centers in Prineville, Oregon (U.S.) and Luleå, Sweden. Compl., ¶¶ 2, 33, 50. Data centers are specialized buildings engineered to securely house servers, which have particular climate requirements in order to run without overheating. *Id.*, ¶¶ 22-23.

Plaintiff BRG constructs and sells data centers it calls "BladeRooms". *Id.*, ¶ 4. Plaintiff Bripco owns the alleged intellectual property associated with BRG's methodology for constructing data centers and licenses it to BRG. *Id.*, ¶ 5. Plaintiffs call this methodology the "BRG Methodology." *Id.*, ¶¶ 4-5. Various aspects of the BRG Methodology are subject to patents, some aspects are publicly known, and other aspects are allegedly kept confidential or as trade secrets. *Id.*, ¶ 4.

The BRG Methodology uses "modular" construction techniques. *Id.*, ¶ 22. Modular construction involves manufacturing some or all components of a building off-site and transporting it to the desired location, as opposed to traditional "stick built" construction methods in which materials are assembled and the structure is erected on site. *Id.*, ¶¶ 22-24. Plaintiffs' alleged trade secrets and confidential information (collectively, the "BRG Alleged Trade Secrets/Confidential Information") are contained in Exhibit B to the Complaint.[2] *Id.*, ¶¶ 28, 29.

In October 2011, BRG first contacted Facebook to promote its data centers. *Id.*, ¶ 37.

---

[1]     *Exhibit 1* is a copy of the publicly available version of the Complaint. With Court approval, the law permits the parties to redact confidential information from publicly filed pleadings. The publicly filed Complaint redacts information one or more of the parties have designated as confidential.

[2]     Plaintiffs filed Exhibit B to the Complaint under seal, with Court approval, and thus Exhibit B to the Complaint is not publicly available.

Cooley LLP
Attorneys At Law
San Francisco

4.

~~Proposed~~ Amended Letter of Request
for Carl Batchelor
Case No. 15-cv-01370 EJD

1    BRG and Facebook subsequently executed a mutual non-disclosure agreement ("NDA"). *Id.*,
2    ¶ 38.

3        In March and June 2012, Facebook's representatives met with BRG's representatives at
4    BRG's facilities in Cheltenham, England. *See id.*, ¶¶ 50-51, 60-61. Plaintiffs allege that, during
5    these meetings, BRG disclosed the BRG Alleged Trade Secret/Confidential Information to
6    Facebook. *Id.*

7        In May 2012, BRG's representatives met with Facebook's representatives, and the
8    representatives of various data center construction and architecture firms already working with
9    Facebook, at Facebook's data center campus in Prineville, Oregon. *See id.*, ¶ 56. Plaintiffs allege
10   that during that meeting, BRG disclosed the BRG Alleged Trade Secret/Confidential Information
11   to the meeting attendees. *Id.*, ¶ 57.

12       In August 2012, Facebook met with the Emerson Defendants, which had an existing data
13   center business. *Id.*, ¶ 75. In October 2012, Facebook hosted a five-day meeting with modular
14   construction experts for the purpose of designing a modular data center concept for Facebook.
15   *Id.*, ¶ 80. In January 2014, at an industry conference, Facebook presented to the public its
16   modular data center concept, termed the Rapid Deployment Data Center ("RDDC"). *Id.*, ¶ 87.

17       By mid-2014, BRG had submitted several proposals to Facebook for various data center
18   projects, including projects located in Prineville, Oregon and Luleå, Sweden. *Id.*, ¶¶ 3, 49, 57, 69,
19   71, 81. Plaintiffs allege that these proposals contained the BRG Alleged Trade
20   Secrets/Confidential Information. *Id.* In May 2014, Facebook announced that it had selected
21   Emerson to construct a version of the RDDC on Facebook's data center campus in Luleå Sweden.

22       On March 23, 2015, Plaintiffs filed this civil action against Facebook in the United States
23   District Court for the Northern District of California. On April 18, 2016, Plaintiffs were granted
24   leave to file the Complaint that, among other things, added the Emerson Defendants as
25   defendants. The Complaint asserts the following claims against all Defendants: (1) breach of
26   contract; (2) misappropriation of trade secrets; and (3) unfair competition. Each of Plaintiffs'
27   claims has distinct legal elements.

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5.

~~PROPOSED~~ AMENDED LETTER OF REQUEST
FOR CARL BATCHELOR
CASE NO. 15-CV-01370 EJD

### 1. Breach of Contract

A breach of contract claim requires Plaintiffs to prove: (1) a contract existed; (2) Plaintiffs have performed or had their performance excused; (3) Defendant breached the contract; and (4) Plaintiffs suffered damages on account of the breach. Plaintiffs allege Facebook breached the NDA by engaging in unauthorized use and disclosure of their confidential information. Compl., ¶ 120.

### 2. Misappropriation of Trade Secrets

A misappropriation of trade secrets claim requires Plaintiffs to prove: (1) the existence of a trade secret; (2) Plaintiffs own the alleged trade secret; (3) Facebook improperly used or disclosed that trade secret; and (4) Plaintiffs suffered harm from the improper use or disclosure. Cal. Civ. Code 3426.1 *et seq.* Plaintiffs allege "Facebook improperly used Bripco UK's trade secrets, for example, in its development of the RDCC" and "in the construction of the second phase of its Lulea data center campus." Compl., ¶¶ 132, 134.

### 3. Unfair Competition

A claim under the California Unfair Competition Law (UCL) requires Plaintiffs to prove: (1) Facebook engaged in an (a) unlawful; or (b) unfair; or (c) fraudulent business practice; and (2) Plaintiffs lost money or property as a result. Cal. Bus. & Prof. Code § 17200, *et seq.* Plaintiffs allege Facebook engaged in unlawful and unfair business acts by, for example, using the alleged trade secrets "to develop the RDDC approach," publicly disclosing Plaintiffs' Confidential Information, and "compet[ing] with BRG as a data center design provider and innovator." Compl., ¶¶ 151, 153.

Additionally, Plaintiffs brought a claim against Facebook for false designation of origin under the Lanham Act. However, the Court has dismissed that claim from the case. *See Exhibit 2.* The Court has also dismissed a sub-set of Plaintiffs' breach of contract claims against the Emerson Defendants, those arising from alleged breach of the covenant of good faith and fair dealing. *See Exhibit 3.* Defendants have denied Plaintiffs' claims but have not filed any counterclaims against Plaintiffs.

The Court has not set a trial date, but has set a trial setting conference for May 11, 2017.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

~~PROPOSED~~ AMENDED LETTER OF REQUEST
FOR CARL BATCHELOR
CASE NO. 15-CV-01370 EJD

1   *See Exhibit 4.*

2   **IV.    Information provided pursuant to Convention Article 3(d).**

3          A.      Evidence to be obtained.

4          It is necessary for the due determination of the matters in dispute between the parties in

5   the matter pending before the United States District Court for the Northern District of California

6   that you cause the witness listed below, who is resident within your jurisdiction, to be subject to

7   oral examination for use at the trial of this matter.

8          This letter of request is issued at the request of Defendant Facebook, Inc.

9   **V.     Information provided pursuant to Convention Article 3(e).**

10         A.      Name and address of the witness.

11         The name and last known address of the witness from whom testimony is sought is listed

12  below:

    Carl Batchelor
13  5 Old Manor Rd, Rustington, Littlehampton, BN16 3QU

14  **VI.    Information provided pursuant to Convention Article 3(f).**

15         A.      Testimony to be provided by the witness.

16         Mr. Batchelor currently is the Global Business Development Manager at Condair Group

17  plc, formerly known as JS Humidifier plc. This company is referred to in this letter of request as

18  "JS Humidifier." JS Humidifier is a company that, among other things, supplies data center

19  humidification systems. █████████████████████████████████████████████████

20  ███████████████████████████████████████████████████████████████████

21  ███████████████████████████████████████████████████████████████████

22  ███████████████████████████████████████. *Id.* Facebook (and numerous other

23  companies designing and constructing data centers) ████ have used humidifiers supplied by JS

24  Humidifier. ███████████████████████████████████████████████████████████

25  ███████████████████████████████████████████████████████████████████

26  ███████████████████████████████████████████████████████████████████

27  ████████ Mr. Batchelor communicated with Facebook regarding the use of humidifiers

28  supplied by JS Humidifier, and met with Facebook in California in September 2012 to discuss

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7.

~~PROPOSED~~ AMENDED LETTER OF REQUEST
FOR CARL BATCHELOR
CASE NO. 15-CV-01370 EJD

that topic.

Therefore, the Court requests that you cause Mr. Batchelor to give testimony on the following subjects:

1. His educational background, employment history, professional qualifications, and personal preparation for the examination.

2. The humidifiers that JS Humidifiers supplied ███████ Facebook for use in data centers. Mr. Batchelor's testimony on this subject is relevant to issues in this civil action, including but not limited to, whether Trade Secret 11 qualifies for protection as trade secret(s) or confidential information and whether Facebook misappropriated or misused any trade secret(s) or confidential information.[3]

3. ████████████████████████████████ Mr. Batchelor's testimony on this subject is relevant to issues in this civil action, including but not limited to, whether, and, if so, the extent to which, BRG had undertaken reasonable efforts to maintain the secrecy (if any) of Trade Secret 11 such that it could qualify for protection as trade secret(s) or confidential information under applicable law.

4. JS Humidifiers' efforts to publicize or advertise use of its humidifiers in data centers and/or to disseminate the names of its customers in the data center industry. Mr. Batchelor's testimony on this subject is relevant to issues in this civil action, including but not limited to, whether, and, if so, the extent to which, Alleged Trade Secret 11 derives independent value from not being generally known to the public or other persons who can obtain economic value from its use or disclosure such that it could qualify for protection as trade secret(s) or confidential information under applicable law.

5. Mr. Batchelor's meetings with Facebook concerning humidifiers supplied by JS Humidifiers. As stated above, by virtue of his meeting with Facebook, Mr. Batchelor can provide evidence relevant to BRG's allegation that Facebook improperly used BRG Alleged Trade Secrets/Confidential Information.

6. Mr. Batchelor's email and telephonic communications with Facebook employees regarding the use by ███████ Facebook of humidifiers supplied by JS Humidifiers.

7. ████████████████████████████████ Mr. Batchelor's testimony on this subject is relevant to issues in this civil action including, but not limited to, whether Trade Secret 11 qualifies for protection as trade secret(s) or confidential information and whether Facebook misappropriated or misused any trade secret(s) or confidential information under applicable law.

---

[3] To qualify for protection as a "trade secret" under applicable law, the information must (1) derive independent value from not being generally known to the public or other persons who can obtain economic value from its use or disclosure, and (2) be the subject of reasonable efforts to maintain its secrecy. Cal. Civ. Code § 3426.1(d).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8.

~~PROPOSED~~ AMENDED LETTER OF REQUEST
FOR CARL BATCHELOR
CASE NO. 15-CV-01370 EJD

8.  ████████████████████████████████ Mr. Batchelor's testimony on this subject is relevant to issues in this civil action including, but not limited to, whether Trade Secret 11 qualifies for protection as trade secret(s) or confidential information and whether Facebook misappropriated or misused any trade secret(s) or confidential information under applicable law.

In the course of the examination of Mr. Batchelor, Facebook intends to put documents to Mr. Batchelor, all of which relate to the subject matters set forth in Section VI of this letter of request. If so ordered by the Court, Facebook will prepare a selection of such documents for Mr. Batchelor to review prior to his examination.

## VII. Information provided pursuant to Convention Article 3(h).

A.  Form of the examination.

The witness should be examined under oath. I respectfully request that you cause the evidence of the witness to be reduced into writing; cause all documents produced on such examinations to be duly marked for identification; and cause copies of the documents to be made. I further request that you authenticate such examinations by the seal of your Court in such way as is in accordance with your procedure, and return the written evidence and documents produced to me at the following address:

> Howard R. Lloyd, United States Magistrate Judge
> Robert F. Peckham Federal Building
> S 1st Street
> San Jose, California 95113

## VIII. Information provided pursuant to Convention Article 3(i).

A.  Procedure.

The testimony should be given before an examiner of the court. The witness should give an oath or affirmation before testifying; the testimony should be transcribed by a stenographer; and the testimony should be recorded on video by a videographer. In addition, I request that the attorneys for all parties to this action should be permitted to be present and to conduct examination and cross-examination of the witness. For the avoidance of doubt, I request that attorneys for Defendants be permitted to cross-examine this witness.

B.  Specification of privilege or duty to refuse to give evidence under the laws of the

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9.

~~PROPOSED~~ AMENDED LETTER OF REQUEST
FOR CARL BATCHELOR
CASE NO. 15-CV-01370 EJD

state of origin.

Under the laws of the United States, a party has a privilege to refuse to give evidence if the evidence discloses a confidential communication between that party and an attorney for that party that was made for the purpose of obtaining legal advice and which privilege has not been waived explicitly or implicitly. (Parties also enjoy limited privileges on other grounds not relevant here such as communications between physician and patient, psychotherapist and patient, husband and wife, or clergy and penitent.)

The laws of the United States also recognize a privilege against self-incrimination.

Outside the strict area of privilege, certain limited immunities are available that may place restrictions on the giving of evidence, such as the limited protection against the disclosure of documents and tangible things prepared in anticipation of litigation or for trial by or for a party or a party's representative.

C.    Details.

It is proposed that the examination take place at the offices of Cooley (UK) LLP, Dashwood, 69 Old Broad Street, London, EC2M 1QS, United Kingdom, on dates to be agreed between the parties and the witness, but in any event no later than the close of the fact discovery period, currently scheduled to conclude on June 30, 2017.

Any correspondence regarding this Letter of Request should be sent to the parties' attorneys and also be copied to Facebook's English attorneys, Cooley (UK) LLP, Dashwood, 69 Old Broad Street, London, EC2M 1QS, United Kingdom marked for the attention of Mark Deem (mdeem@cooley.com) and Chimé Dorjee (cdorjee@cooley.com).

D.    Fees and costs.

The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by Facebook.

IX.    **Conclusion**

This Court expresses its appreciation for this assistance, states that the courts of the United States are authorized by Section 1782 of Title 28 of the United States Code to extend similar

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10.

~~PROPOSED~~ AMENDED LETTER OF REQUEST
FOR CARL BATCHELOR
CASE NO. 15-CV-01370 EJD

assistance to the Courts of England and is prepared to provide reciprocal assistance to the English courts in any circumstances in which it may be required.

This Court extends to the judicial authorities of England the assurances of the highest consideration.

Date of request: _____ April 17 _____, 2017

Signature and seal of the requesting authority:

_____

Howard R. Lloyd, United States Magistrate Judge
Robert F. Peckham Federal Building
280 S 1st Street
San Jose, California 95113

Done in Chambers in San Jose, California, this _17th_ day of _____ April _____, 2017.

[Seal of the Court]

Howard R. Lloyd
United States Magistrate Judge

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Dated: April 4, 2017

COOLEY LLP


/s/ Heidi L. Keefe
Heidi L. Keefe

Attorneys for Defendant
FACEBOOK, INC.

143373511 v1

~~PROPOSED~~ AMENDED LETTER OF REQUEST
FOR CARL BATCHELOR
CASE NO. 15-CV-01370 EJD