UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BLADEROOM GROUP LIMITED, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., et al.,<br><br>Defendants. | Case No. 5:15-cv-01370-EJD (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 10**<br><br>Re: Dkt. No. 266 |

This Discovery Dispute Joint Report ("DDJR") is a follow-up to DDJR #9, where the court denied plaintiffs' request for certain documents from the Emerson defendants because the subject Request for Production ("RFP") #45 did not ask for what they wanted produced. Plaintiffs solved that problem with new RFPs; the Emerson defendants responded; and plaintiffs are dissatisfied with their responses. Plaintiffs now seek an order requiring production of documents (or additional documents) in response to RFPs 57, 58, 59, 60, 63, 64, 65, 66, and 70.

Plaintiffs are looking for evidence that the Emerson defendants were unjustly enriched when they sold off a few months ago an entity named Emerson Network Power, which was comprised of a host of sub-units, one of which was where (according to plaintiffs) there resided the trade secrets that had been misappropriated by the Emerson defendants. How much of the total price paid for Emerson Network Power was attributable to the value of that sub-unit holding

plaintiffs' claimed trade secrets? That's the question plaintiffs want answered.

The Emerson defendants already produced a document giving a breakdown of the value attributed to each of the sub-units that were sold. But, plaintiffs think the value assigned to the entity with their alleged secrets is way too low, and want information to prove the number was lowballed and the real value is much higher. The Emerson defendants, however, argue that the entity that plaintiffs are focusing on was only a tiny part of a very large business unit that went through a complex spinoff. They say that they have produced what they have about the valuation of that target entity in the spinoff, and argue that plaintiffs just want to rummage through documents about the spinoff off that have nothing to do with the value of the sub-unit in question.

RFP #57 demands "[a]ll documents relating to the Acquisition" ("Acquisition" referring to the spinoff of Emerson Network Power to Platinum Equity).

RFP #58 demands all documents "relied on" in deciding to sell off Emerson Network Power (and another business unit spun off as well, Liebert Corporation, one of the Emerson defendants here).

RFP #59 demands "[a]ll due diligence materials relating to the Acquisition."

The court concludes that RFPs #57, 58, and 59 are much too broad to be proportional to the needs of the case, and words like "relating to" and "relied upon" are worryingly vague. However, the Emerson defendants will produce the executed agreement(s) with Platinum Equity, including all exhibits and attachments. Otherwise, plaintiffs' request for production of these RFPs is denied.

RFPs #60, 61, 62, 63, 64, 65, and 66---Each of these RFPs starts out: "All documents that refer to, summarize, describe, or constitute valuations of . . .." Each one then identifies one of the Emerson entities or business units that are of interest to plaintiffs, i.e.: Emerson Network Power, Liebert Corporation, Hyperscale Division, etc. The Emerson defendants object to some of the RFPs as duplicative, claim to have already produced some responsive documents, and are working on finding more. The court believes that these RFPs are on target, and notes that documents that "refer" to valuations (even if no numbers are mentioned) are to be produced as well. Defendants shall produce all responsive documents not already produced, as well as the document previously

2

produced in response to RFP #60 in native format, if it exists.

RFP #70 asks for documents showing whether REDACTED REDACTED As the court understood them, the Emerson defendants previously represented to the court that there were no such documents, so there appears to be nothing to consider ordering produced.

The Emerson defendants shall comply with this order within 10 days from its filing.

SO ORDERED.

Dated: May 22, 2017

HOWARD R. LLOYD
United States Magistrate Judge