UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BLADEROOM GROUP LIMITED, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., et al.,<br><br>Defendants. | Case No. 5:15-cv-01370-EJD (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 11**<br><br>Re: Dkt. No. 267 |

In Discovery Dispute Joint Report ("DDJR") #11, Facebook argues that it should not have to respond to BladeRoom's Interrogatory 14 because BladeRoom has already maxed out its 25 interrogatory limit (Federal Rules of Civil Procedure 33(a)(1)). In fact, says Facebook, it has as a courtesy already answered more than 25, but enough is enough and it's time to stop.

Here is Interrogatory 14:

> Describe in detail your efforts to preserve and produce documents and other information in this action, including your efforts to produce documents and other information responsive to Plaintiffs' discovery requests. Your response should include the efforts you undertook to preserve evidence in connection with this litigation, including the dates on which any such efforts were undertaken and the dates of any litigation hold notice you issued; the nature, existence and location of all documents relating to this litigation and/or responsive to Plaintiffs' discovery requests and the that steps you took to collect and produce those documents; the identification of your document retention policies during the time-frames relevant to this litigation and to the present day; and, to the extent that you have destroyed

or no longer have available information relevant to this litigation and/or responsive to Plaintiffs' discovery requests, the circumstances under which such information or documents were destroyed or otherwise made unavailable.

(Dkt. 267 at 3).

Facebook makes two arguments. First, it says it answered Interrogatory 12 (from an earlier set) even though, under even a charitably narrow definition of "subparts," that "single" question was bristling with dozens of discrete subparts, and, under a more aggressive interpretation of that word, upwards of 432 subparts.

Second, it argues that Interrogatory 14 is itself really at least five interrogatories masquerading as a single one.

The court declines to go back to Interrogatory 12 and wrestle with whether it is one question, two dozen questions, or something like 432. Facebook did answer it, and it's only significance now is to test whether BladeRoom is over its limit. But, even if it were over the 25 limit, the court would use its discretion to give it an additional interrogatory. Indeed, the subject matter of Interrogatory 14 is precisely something that Facebook explored through interrogatories to BladeRoom, and an answer is due to it.

Is Interrogatory 14 one question or five? If it had a bunch of discrete subparts, it would be more than a single interrogatory. If it asks a single question (i.e., "detail your efforts to preserve and produce documents . . .") and then follows with secondary, explanatory descriptors of the "detail" being sought, then it is not compound. The court is satisfied that Interrogatory 14 is not compound.

Facebook will respond to Interrogatory 14 within 10 days from the filing of this order.

SO ORDERED.

Dated: May 22, 2017

HOWARD R. LLOYD
United States Magistrate Judge