United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BLADEROOM GROUP LIMITED, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., et al.,<br><br>Defendants. | Case No. 5:15-cv-01370-EJD (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 13**<br><br>Re: Dkt. No. 268 |

In Discovery Dispute Joint Report ("DDJR") #13, defendant Facebook challenges the sufficiency of plaintiff Bripco's responses to interrogatories 17, 18, and 19. Each of these interrogatories is based on plaintiffs' response to Interrogatory 15, which asked for a detailed description of each of the 25 claimed trade secrets that defendants allegedly misappropriated. The sufficiency of plaintiffs' responses to number 15 was the subject of DDJR #12.

Each of the three interrogatories here in issue builds on the responses to number 15. They pose follow-up questions: what measures did you take to maintain the secrecy of the secrets (number 17); how does the secret differ from public information and "prior art" (18); and what are all the facts supporting their supposed misappropriation (19)?

In its argument on number 17, Facebook spends time (wasted time) arguing that many of the secrets could not possibly be secret because they are well known, alluding to countless photos

on the internet and elsewhere.  It also complains that Bripco only gave "examples" of security measures it has taken (leaving the door open to come up with more measures later) and also that Bripco gave no time frame for when any particular measure was deployed.

As for number 18, Facebook apparently included in its own interrogatory responses a list of hundreds of examples of what it asserted were "prior art" and argues that in answering 18 the plaintiff must explain how its secrets are different from those examples that Facebook cited.  It also spent time arguing the lack of merit of the claimed secrets.

On number 19, Facebook thinks that plaintiff's factual basis for the theft of its trade secrets should be broken down and described individual secret by individual secret.

In presenting its side of the story in DDJR #13, Bripco offers to supplement number 17 to give the time frame(s), argues that the attempt in number 18 to saddle it with the task of attacking Facebook's selections of so-called prior art in an interrogatory response is out of bounds, and agrees to further supplement its response to 19 once it has had a chance to inspect two Facebook data centers.  Otherwise, it says, its responses to interrogatories 17, 18, and 19, particularly in light of the supplemented responses to number 15, are sufficient.

The court agrees with Bripco, requires it to do what it offered on 17 and 19, and otherwise declines to require any further supplementation of its responses to these three interrogatories.

SO ORDERED.

Dated:   May 22, 2017

HOWARD R. LLOYD
United States Magistrate Judge