UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BLADEROOM GROUP LIMITED, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., et al.,<br><br>Defendants. | Case No. 5:15-cv-01370-EJD<br><br>**ORDER DENYING PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS**<br><br>Re: Dkt. No. 295 |

Presently before the court is administrative motion filed by Plaintiffs Bladeroom Group Limited and Bripco (UK) Limited (collectively, "Plaintiffs") through which they seek the following relief: (1) an order increasing the number of deposition Plaintiffs may take from 20 to 24, (2) an order extending the deadline to complete any additional depositions from June 30th to July 28, 2017, and (3) an order precluding Defendants Emerson Electric Co., Emerson Network Power Solutions, Inc., and Liebert Corporation (collectively, "Emerson") from presenting the testimony of any witnesses at trial who have not yet been disclosed in response to interrogatories as knowledgeable about particular issues. Dkt. No. 295. Defendant Facebook, Inc. ("Facebook") and Emerson have filed written opposition to the motion.

Having reviewed the relevant pleadings, the court finds, concludes and orders as follows:

1. Plaintiffs' three requests are governed by three different standards. Taking them in order, analysis of the request for additional depositions starts by observing that parties may generally take up to ten depositions without leave of court. Fed. R. Civ. P. 30(a). Federal Rule of Civil Procedure 26(b)(2)(A) permits upward alteration of this limit if the requesting party makes a

1

Case No.: 5:15-cv-01370-EJD
ORDER DENYING PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS

"'particularized showing' of the need for the additional depositions." Century Aluminum Co. v. AGCS Marine Ins. Co., No. 11-cv-02514 YGR (NC), 2012 WL 2357446, at *2 (N.D. Cal. June 14, 2012). But at the same time, the court must limit the frequency or extent of discovery if: (1) the information sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (3) "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

2. Plaintiffs' second request to modify the deadline for completion of fact discovery requires them to demonstrate sufficient "good cause" for the relief. Fed. R. Civ. Proc. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); Johnson v. Mammoth Recreations Inc., 975 F.2d 604, 607-608 (1992).

3. The third request to exclude trial witnesses appears to be governed by Federal Rules of Civil Procedure 26(e)(1) and 37(c)(1), given Plaintiffs' reliance on Elion v. Jackson, 544 F. Supp. 2d 1 (D.D.C. 2008). Rule 26(e)(1) requires parties to "supplement or correct" disclosures and discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Parties who fail in that duty become subject to Rule 37(c)(1), which states: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

4. Consistent with the "particularized showing" standard that applies to a request for additional depositions, this court required any such motion to "detail who Plaintiffs propose to depose, explain why the depositions are necessary, and estimate when the depositions can be completed." Dkt. No. 278. Plaintiffs have complied with the first requirement by identifying the

2
Case No.: 5:15-cv-01370-EJD
ORDER DENYING PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS

witnesses they seek to depose: individual employees of Facebook (Jay Parikh, T.S. Khurana, Ilker Esener, Joel Kjellgren and Bill Jia), and a third-party company, Alfatech. They have also complied with the third requirement by estimating the depositions can be completed by July 28, 2017.

5. Plaintiffs have not, however, made the showing necessary to comply with the second requirement. They provide some information in a footnote explaining topics on which Parikh, Khurana and Alfatech may have information. Plaintiffs also claim that Esener and Kjellgren possess knowledge concerning Facebook data center construction and design, and that Jia has knowledge about OpenCompute. But their motion also reveals that Plaintiffs have deposed or have noticed the depositions of no less than eight other individual Facebook employees, and Facebook's opposition demonstrates that Plaintiffs have received significant discovery involving Parikh, Khurana, Esener, Kjellgren and Alfatech. Under these circumstances - where the court has doubled the deposition limit, a significant number of one party's witnesses have or will be deposed under the current cap, and the requesting party has received extensive disovery - Plaintiffs must do more than merely identify witnesses with potentially relevant information. Indeed, the legal standard requires Plaintiffs to explain why the depositions of these additional witnesses would not be cumulative or duplicative, why the information could not have been otherwise obtained from another witness or through a different discovery method, and why the depositions are permissible under Rule 26(b)(1). This explanation is missing.

6. Nor is the court convinced that potential surprise is a valid reason to increase the deposition limit, at least at this time. Plaintiffs want to avoid "the possibility that Defendants bring witnesses to trial to offer surprise testimony." That "possibility" is not the sort of "particularized showing" justifying additional depositions. And in any event, there are still other mechanisms to account for "surprise" witnesses as trial approaches and the presentation of evidence becomes more concrete, which could include leave to take additional depositions of specific witnesses disclosed in the parties' materials prior to trial.

3

Case No.: 5:15-cv-01370-EJD
ORDER DENYING PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS

7. Furthermore, Plaintiffs invite misuse of Rules 26(e)(1) and 37(c)(1) through their premature request to limit Emerson's witness presentation. Plaintiffs complain that Emerson listed too many witnesses in initial disclosures but identified too few knowledgeable ones in response to interrogatories. But without knowing who Emerson intends to call as trial witnesses - which information need not be provided at this stage of the litigation - the court cannot assess whether Plaintiffs have made the precursor showing required for a Rule 37 sanction. Instead, Plaintiffs can renew this request in limine since by then all of the information necessary to the analysis will be available.

In sum, Plaintiffs' motion fails to demonstrate either a need for additional depositions or a valid reason to limit Emerson's trial evidence. Consequently, all of the requested relief is DENIED.

**IT IS SO ORDERED.**

Dated: June 12, 2017

EDWARD J. DAVILA
United States District Judge