Stephanie P. Skaff (183119)
sskaff@fbm.com
Jeffrey M. Fisher (155284)
jfisher@fbm.com
Eugene Y. Mar (227071)
emar@fbm.com
Erik C. Olson (260452)
eolson@fbm.com
Alex Reese (280530)
areese@fbm.com
Julia F. Kropp (298363)
jkropp@fbm.com
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Plaintiffs
BLADEROOM GROUP LIMITED AND BRIPCO (UK) LIMITED

MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
MATTHEW D. CAPLAN (260388)
(mcaplan@cooley.com)
COOLEY LLP
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Attorneys for Defendant
FACEBOOK, INC.

Robert H. Sloss (87757)
robert.sloss@procopio.com
Melinda M. Morton (209373)
mindy.morton@procopio.com
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
1117 California Ave., 2nd Fl.
Palo Alto, CA 94304
Telephone: (650) 645-9000
Facsimile: (650) 687-8320

Attorneys for Defendants
EMERSON ELECTRIC CO., EMERSON NETWORK POWER SOLUTIONS, INC., and LIEBERT CORPORATION

Complete list of counsel on signature page

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

BLADEROOM GROUP LIMITED, et al.,

Plaintiffs,

vs.

FACEBOOK, INC., et al.,

Defendants.

Case No. 15-cv-01370 EJD

**JOINT CASE MANAGEMENT STATEMENT**

Date: November 2, 2017
Time: 11:00 a.m.
Place: Courtroom 4, 5th Floor
Judge: Hon. Edward J. Davila

The parties submit the following Joint Case Management Statement in compliance with the Court's Case Management Order dated August 24, 2017 (Dkt. 348).

## I. STATUS OF THE ACTION

The parties are in the midst of summary judgment briefing. Oppositions are due on October 26, 2017, and replies are due November 2, 2017.

Additionally, there is still one discovery dispute pending before the Court, Dispute Joint Report ("DDJR") No. 16, which challenges various privilege designations and claw back assertions by Plaintiffs related primarily to "Project Bob," their codename for investigating Facebook and this lawsuit. *See* Dkt. No. 310-3. On October 26, 2017, Magistrate Judge Lloyd ordered in camera review of certain documents at issue in the motion. Dkt. No. 397.

Facebook asserts that the issue in dispute in DDJR is also implicated by Plaintiffs' motion for summary judgment, which seeks relief related to Plaintiffs' breach of contract claim, as well as on Facebook's laches, equitable estoppel, and unclean hands affirmative defenses. *See* Dkt. No. 372. "Project Bob" is part of Facebook's defense to the claims at issue in Plaintiffs' motion for summary judgment, and the documents sought are potentially critical to bolstering those defenses. Accordingly, Facebook respectfully requests that it be allowed to supplement its opposition to Plaintiffs' motion for summary judgment as necessary pending the outcome on the DDJR. Facebook will be prepared to address any further argument or questions on DDJR No. 16 at the upcoming case management conference, or at any other time convenient for the Court.

Plaintiffs assert that nothing in Magistrate Judge Lloyd's order impacts Plaintiffs' motion for summary judgment seeking relief on Plaintiffs' breach of contract claims and Facebook's affirmative defenses, and no supplementation should be allowed or is necessary for the Court to resolve the issues presented on Plaintiffs' motion. To the extent any supplementation is allowed, however, both Plaintiffs and Defendants should be given the same opportunity.

## II. CURRENT ISSUES

The parties have been discussing the possibility of amending the terms of the protective order entered in this case to allow certain of the parties' employees to access additional materials filed with the Court that contain an opposing party's confidential information.

**Plaintiffs' Statement**

To allow the parties' respective litigation decision-makers to more fully evaluate this litigation, Plaintiffs propose the following exception to the Protective Order to allow two additional employees from each party to view unredacted versions of the parties' summary judgment briefing:

- Provided that they execute Exhibit A to the Protective Order, Plaintiffs' employees Paul Rogers and Peter Joy may see unredacted versions of (1) the parties' memorandum of points and authorities in support of their summary judgment motions; (2) the parties' summary judgment opposition briefs; and (3) the parties' reply briefs in support of their summary judgment motions. Mr. Rogers and Mr. Joy may not see unredacted versions of any of the supporting evidence attached to those briefs, including the Statements of Undisputed Facts submitted for each brief.
- Each of the defendants, if they so choose, may show (1) the parties' memorandum of points and authorities in support of their summary judgment motions; (2) the parties' summary judgment opposition briefs; and (3) the parties' reply briefs in support of their summary judgment motions to two non-legal employees. These employees must be identified to Plaintiffs in advance, must not be objected to by Plaintiffs, and must execute Exhibit A of the Protective Order. These employees, like Mr. Joy and Mr. Rogers, may not see unredacted versions of any of the supporting evidence attached to those briefs, including the Statements of Undisputed Facts submitted for each brief.
- In all other respects, the existing Protective Order remains in effect.
- This limited exception to the existing Protective Order does not constitute a waiver of any arguments with respect to the character or prior designation of the information (including, by way of example and without limitation, the level of confidentiality designations previously made or whether the information is or is not confidential and proprietary or trade secret).

In addition to the above conditions, Emerson also seeks to impose the following conditions before allowing Mr. Joy and Mr. Rogers to see the unredacted versions of the papers

mentioned above:

- Emerson may show Plaintiffs' trade secret disclosures to two non-lawyers at Emerson, including Hyperscale Chief Engineer Eric Wilcox; and
- Plaintiffs must agree that neither Mr. Rogers nor Mr. Joy may testify on specific issues or evidence that they would have learned about only as a result of reading unredacted versions of Defendants' motions and related briefs.

Because Facebook's agreement was conditioned upon Emerson also agreeing to the terms Facebook proposed, and because Emerson has not agreed to those terms and has proposed additional conditions that are not acceptable to Plaintiffs, the Parties have not reached an agreement on a limited exception to the Protective Order for the summary judgment briefing.

Plaintiffs sought agreement on a limited exception to the Protective Order restriction that would provide business decision-makers the opportunity to objectively evaluate the arguments made by the various parties in this litigation. That agreement was premised on the belief that all parties, and the Court as well, would be well-served by allowing such evaluation to occur. Plaintiffs do not believe that tying the parties' ability to share their summary judgment briefing with business decision makers to Emerson's ability to selectively disclose certain additional supporting materials (and in particular, Plaintiffs' highly confidential trade secret disclosures) to its Hyperscale Chief Engineer (an employee who is central to the case and is, as far as Plaintiffs are aware, not a management decision maker for Emerson) is either reasonable or warranted.

The second condition Emerson seeks to impose—that Mr. Rogers and Mr. Joy may not testify on issues or evidence that they learned "only as a result of reading unredacted versions of Defendants' motions and related briefs," although not objectionable in principle, seems both unnecessary and logistically unworkable as to "issues or evidence" testimony. As to "evidence," the original agreement proposed by Facebook would allow the additional client representatives to see briefing only – thus no "evidence" would be available to these individuals to comment on for testimony at trial. With respect to "issues" such individuals might learn from reading the briefing, Plaintiff can see no practical way that counsel or this Court would be able to police, during testimony at trial, testimony relating to "issues" raised solely in the unredacted versions

of the parties' summary judgment briefing.

Accordingly, Plaintiffs respectfully request that the Court order the Parties to allow sharing of the unredacted briefing on the limited original terms agreed to by Facebook and Plaintiffs.

**Facebook's Statement**

Facebook does not oppose Plaintiffs' proposal so long as the Emerson Defendants also agree to it because Emerson's confidential information is also implicated by the parties' briefing, and would require their consent.

**Emerson's Statement**

If the Protective Order is to be amended, it should be amended one time to take into account all changes and not piecemeal. Emerson intended to ask the Court for relief under the Protective Order to permit two non-lawyers involved in the design of the Facebook data center to see Plaintiffs' trade secret disclosures – and nothing else. When Plaintiffs raised the issue of amending the Protective Order to permit its primary competitive decision-makers to review unredacted briefs that contain numerous references to and quotations from very sensitive technical documents that they would otherwise not be able to see, Emerson believed it equitable and appropriate to bring up the issue of allowing two of its senior design people, including Mr. Wilcox, to see the trade secrets that are at issue. Plaintiffs accuse Emerson, in particular Mr. Wilcox, of *stealing* their trade secrets and are seeking hundreds of millions of dollars in damages. It is only fair that Mr. Wilcox be permitted to see what exactly he is accused of taking.

With respect to Plaintiffs' concerns regarding Emerson's requested restriction on testifying, this is not a case where there are shades of gray. Mr. Rogers admitted at his individual and corporate depositions that he did not know any details about the construction of Lulea II other than what was publicly available. Plaintiffs should not be able to educate themselves about the sensitive technical details of Lulea II in the guise of evaluating the arguments and then use these details to testify at trial. Regardless of whether such testimony would be related to "issues" or "evidence," Mr. Rogers and Mr. Joy should not be able to bootstrap their claims at trial by testifying about any nonpublic information about Lulea II.

## III. PROPOSED MOTIONS

### A. Daubert Motions

Per the Court's instruction at the last case management conference, the parties jointly propose the following schedule for *Daubert* motions:

- Motions due: January 25, 2018
- Oppositions due: February 15, 2018
- Replies due: March 1, 2018
- *Daubert* motions hearing: March 15, 2018

While Defendants are agreeable with this schedule, they would like to raise with the Court whether *Daubert* motions could be heard earlier.

### B. Motions to Strike and Preclude

As discussed at the last case management conference, Defendants seek permission to file motions to strike Plaintiffs' reply reports, and propose the following schedule:

- Motions due: November 16, 2017
- Oppositions due: November 30, 2017
- Replies due: December 7, 2017
- Motion hearing: December 21, 2017 during the currently scheduled case management conference.

Plaintiffs will be moving to preclude the Emerson Defendants from relying on documents produced by Emerson after the June 30, 2017 fact discovery deadline. (Plaintiffs' motion will seek to preclude only late-produced fact discovery documents, not documents produced by Defendants' experts.)[1] Emerson's argument that the parties' stipulation, which was specifically directed toward allowing a two week extension for specifically-identified discovery to occur, also permitted them to produce at that extended date over a million pages of documents, many of which contained key words such as "Bladeroom" that made them directly responsive to

[1] Although Facebook also produced documents after the close of discovery, the volume of that production was less significant (thousands of pages of documents, rather than the more than a million pages late-produced by Emerson) and may not need to be addressed by separate motion practice. Plaintiffs are continuing to meet and confer with Facebook to attempt to resolve or minimize any disputes with respect to the use of those documents. Plaintiffs reserve the right to move to exclude any late-produced documents Defendants attempt to rely on or admit at trial.

document requests served early in the litigation, is simply not credible. Because of the sheer volume of documents at issue, the potential prejudice to Plaintiffs from this late production cannot be adequately addressed by waiting for briefing until pretrial. Plaintiffs propose proceeding with this motion on the same briefing and hearing schedule as Defendants' motions to strike Plaintiffs' reply reports for its motion to preclude.

- Motions due: November 16, 2017
- Oppositions due: November 30, 2017
- Replies due: December 7, 2017
- Motion hearing: December 21, 2017 during the currently scheduled case management conference.

**Emerson's Statement**

Emerson denies that it produced non-expert documents after the close of discovery. The large majority of the documents were produced on July 14, 2017 in response to Plaintiffs' last document request. The parties stipulated that the "deadline for parties to respond to all pending written discovery requests, and to supplement any previously-served written discovery responses is extended" to July 14, 2017, and the Court approved the stipulation. (See Docket No. 303.) In any event, the appropriate time for Plaintiffs to move to preclude the use of documents they believe to have been produced improperly is during pretrial if and when Emerson designates any of those documents as trial exhibits. A motion brought now seeking a blanket preclusion of any documents Plaintiffs deem to be "late" would not provide the Court or the parties to properly assess the issues that particular documents may present – such as the relevance of the documents, the reasons they were produced when they were, the potential prejudice to Emerson if the Court orders the documents precluded or to Plaintiffs if the Court does not, and the like. More importantly, bringing such a motion now would waste Court resources as it is probably that very few – if any – of the documents at issue will be listed as trial exhibits, in which case there would be no need for a motion on the issue.

If the Court grants Plaintiffs' request to file a motion on this issue, Emerson requests that the motion be given the same briefing and hearing schedule as the *Daubert* motions.

October 26, 2017

FARELLA BRAUN + MARTEL LLP

*/s/ Stephanie P. Skaff*

Stephanie P. Skaff

Stephanie P. Skaff (183119)
sskaff@fbm.com
Jeffrey M. Fisher (155284)
jfisher@fbm.com
Eugene Y. Mar (227071)
emar@fbm.com
Erik C. Olson (260452)
eolson@fbm.com
Alex Reese (280530)
areese@fbm.com
Julia F. Kropp (298363)
jkropp@fbm.com
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Plaintiffs
BLADEROOM GROUP LIMITED AND BRIPCO (UK) LIMITED

October 26, 2017

COOLEY LLP

*/s/ Michael G. Rhodes*
Michael G. Rhodes

MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
MATTHEW D. CAPLAN (260388)
(mcaplan@cooley.com)
COOLEY LLP
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

HEIDI L. KEEFE (178960)
(hkeefe@cooley.com)
MARK F. LAMBERT (197410)
(mlambert@cooley.com)
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

Attorneys for Defendant
FACEBOOK, INC.

October 26, 2017

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

*/s/ Melinda M. Morton*
Melinda M. Morton

Robert H. Sloss (87757)
robert.sloss@procopio.com
Melinda M. Morton (209373)
mindy.morton@procopio.com
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
1117 California Ave., 2nd Fl.
Palo Alto, CA 94304
Telephone: (650) 645-9000
Facsimile: (650) 687-8320

Attorneys for Defendants EMERSON ELECTRIC CO., EMERSON NETWORK POWER SOLUTIONS, INC., and LIEBERT CORPORATION

**FILER'S ATTESTATION**

In compliance with Civil L.R. Rule 5-1, I hereby attest that all parties have concurred in the filing of this Joint Case Management Statement.

October 26, 2017

*/s/ Stephanie P. Skaff*

Stephanie P. Skaff