UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BLADEROOM GROUP LIMITED, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., et al.,<br><br>Defendants. | Case No. 5:15-cv-01370-EJD<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR A BOND**<br><br>Re: Dkt. No. 363 |

Presently before the court is Defendant Facebook, Inc.'s motion requesting an order requiring Plaintiffs BladeRoom Group Ltd. and Bripco (UK) Limited to post an undertaking of $15 million pursuant to California Civil Procedure Code § 1030. Dkt. No. 363. Plaintiffs, both of which are foreign companies, unsurprisingly object to such an order. Having now fully reviewed the record first for the parties' summary judgment motions and again for this matter, the court finds, concludes and orders as follows:

1. "There is no specific provision in the Federal Rules of Civil Procedure relating to security for costs." Simulnet E. Assocs. v. Ramada Hotel Operating Co., 37 F.3d 573, 574 (9th Cir. 1994). But that does not mean undertakings are off the table in federal court. Instead, "district courts have inherent power to require plaintiffs to post security for costs." Id. These courts, "either by rule or by case-to-case determination, follow the forum state's practice with regard to security for costs, as they did prior to the federal rules; this is especially common when a non-resident party is involved." Id. (quoting 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2nd § 2671).

2. This district's Civil Local Rules provide that upon demand and "where authorized

Case No.: 5:15-cv-01370-EJD
ORDER DENYING DEFENDANT'S MOTION FOR A BOND

1

by law and for good cause shown," the court may require a party to post a undertaking "for costs which can be awarded against such party" in an amount and on terms the court deems appropriate. Civ. L.R. 65.1. The legal authorization relevant to this motion is Civil Procedure Code § 1030. That statute generally permits a court, upon motion by the plaintiff, to order a foreign defendant "to file an undertaking to secure an award of costs and attorney's fees which may be awarded" to the plaintiff in an action. "The purpose of [§ 1030] is to enable a California resident sued by an out-of-state resident 'to secure costs in light of the difficulty of enforcing a judgment for costs against a person who is not within the court's jurisdiction.'" Alshafie v. Lallande, 171 Cal. App. 4th 421, 428 (2009) (citation omitted). It also acts as a deterrent; that is, "to prevent out-of-state residents from filing frivolous lawsuits against California residents." Yao v. Super. Ct., 104 Cal. App. 4th 327, 331 (2002).

4. A motion under § 1030 must "be made on the grounds that the plaintiff resides out of the state or is a foreign corporation and that there is a reasonable possibility that the moving defendant will obtain judgment in the action or special proceeding. Cal. Civ. Proc. Code § 1030(b) (emphasis added). This standard is a "relatively low" one. Circle Click Media LLC v. Regus Mgmt. Grp. LLC, No. 3:12-cv-04000-SC, 2015 WL 6638929, at *16 (N.D. Cal. Oct. 29, 2015). "Thus, a defendant need not show that there is 'no possibility' that plaintiff would win at trial, 'but only that it [is] reasonably possible that the defendant will win.'" Id. (quoting Baltayan v. Estate of Getemyan, 90 Cal. App. 4th 1427, 1432 (2001)).

5. That said, this court joins other district courts by declining to read § 1030 "so broadly as to require every out-of-state litigant who brings a non-frivolous suit in California to post a bond simply because there is a reasonable chance the defendant may prevail." Id.; Wilson & Haubert, PLLC v. Yahoo! Inc., No. C-13-5879 EM, 2014 WL 1351210, at *3 (N.D. Cal. Apr. 4, 2014) (finding the "reasonable possibility" standard is not "so low as to be non-existent"). Indeed, "'toll-booths cannot be placed across the courthouse doors in a haphazard fashion'" to deprive legitimate plaintiffs from access to federal courts. Simulnet, 37 F.3d at 576 (quoting Aggarwal v. Ponce Sch. of Med., 745 F.2d 723, 727-28 (1st Cir. 1984)).

Case No.: 5:15-cv-01370-EJD
ORDER DENYING DEFENDANT'S MOTION FOR A BOND
2

6. With that clarification, and with § 1030's purpose in mind, the court considers three factors to determine whether an undertaking should be required: "(i) the degree of probability/improbability of success on the merits, and the background and purpose of the suit; (ii) the reasonable extent of the security to be posted, if any, viewed from the defendant's perspective; and (iii) the reasonable extent of the security to be posted, if any, viewed from the nondomiciliary plaintiff's perspective." Id. (internal quotation marks omitted); accord Gabriel Techs. Corp. v. Qualcomm Inc., No. 08 CV 1992 MMA (POR), 2010 WL 3718848, at *2 (S.D. Cal. Sept. 20, 2010).

7. The extended discussion of Plaintiffs' claims and Facebook's defenses in the three recently-issued summary judgment orders demonstrates two points relevant to determining Facebook's probability of success on the merits. First, the court is unable to classify Plaintiffs' claims as either frivolous or completely lacking in evidentiary support. Consequently, the policy underlying § 1030 - to apply a layer of protection against irresponsible litigation by out-of-state plaintiffs - would not be served by requiring Plaintiffs to post a bond. The court therefore disagrees with Facebook's characterization of this lawsuit as "squarely within the purview" of § 1030.

Second, the existence of several triable issues of fact requiring a jury to draw inferences from the record before a victor is chosen on each of Plaintiffs' claims means that Facebook's probability of success "appears no greater on this record than any other case where the parties' proffered facts are mutually disputed." Wilson & Haubert, 2014 U.S. Dist. LEXIS 47157, at *3. The summary judgment ruling undermines Facebook's assumption, made when this motion was filed, that Plaintiffs' claims would not survive a Rule 56 challenge. Plaintiffs have their evidence and Facebook has its counter-evidence, leaving both with an opportunity to prevail.

8. Furthermore, the reasonability of a bond from Facebook's perspective is not a particularly compelling factor. For the most part, Facebook attempts to articulate significant burden by relying on extraneous allegations against Plaintiffs along with its own characterization of how this litigation unfolded. But in this court's experience, Facebook's description reveals

nothing special about this litigation apart from comparable cases involving similar parties. Like defendants in those other cases, Facebook chose to dedicate extensive resources to advocating its position. And though Facebook estimates it expended considerable fees and costs, it does not also identify why attempting to recover a costs or fees judgment from Plaintiffs would be a risky endeavor. See Circle Click Media, 2015 WL 6638929, at *16.

9. Finally, the reasonability of a bond from Plaintiff's perspective needs little discussion. This is because the prospect of requiring Plaintiffs to deposit $15 million to continue pursuing their claims to trial is plainly unreasonable at this point.

Accordingly, the court finds that Facebook has not shown there is a "reasonable possibility" it will prevail under this action, at least for the purposes of § 1030. The Motion for a Bond (Dkt. No. 363) is DENIED.

**IT IS SO ORDERED.**

Dated: January 4, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:15-cv-01370-EJD
ORDER DENYING DEFENDANT'S MOTION FOR A BOND
4