**COOLEY LLP**
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
MATTHEW D. CAPLAN (260388)
(mcaplan@cooley.com)
101 California St., San Francisco, CA  94111-5800
Tel.: (415) 693-2000
Fax: (415) 693-2222

**COOLEY LLP**
HEIDI L. KEEFE (178960)
(hkeefe@cooley.com)
MARK F. LAMBERT (197410)
(mlambert@cooley.com)
3175 Hanover St., Palo Alto, CA  94304-1130
Tel.: (650) 843-5000
Fax: (650) 849-7400

Attorneys for Defendant
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BLADEROOM GROUP LIMITED, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC. EMERSON ELECTRIC CO., EMERSON NETWORK POWER SOLUTIONS, INC. and LIEBERT CORPORATION,<br><br>Defendants. | Case No. 15-cv-01370 EJD<br><br>**DEFENDANTS' NOTICE OF MOTION, MOTION *IN LIMINE* NO. 2 TO EXCLUDE PROTECTIVE ORDER CONFIDENTIALITY DESIGNATIONS ON TRIAL EXHIBITS**<br><br>Date:  March 22, 2018<br>Time:  1:30 pm<br>Ctrm:  4 |

**(REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED)**

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**DEFENDANTS' NOTICE OF MOTION &
MOTION IN *LIMINE* #2
CASE NO. 15-CV-01370 EJD**

**NOTICE OF MOTION AND MOTION *IN LIMINE***

PLEASE TAKE NOTICE that on March 22, 2018 at 1:30 p.m. in Courtroom 4, 5th Floor, of the above-entitled court, defendants Facebook, Inc. ("Facebook"), Emerson Electric Co., Emerson Network Power Solutions, Inc., and Liebert Corporation (collectively "Emerson") (together with Facebook "Defendants") will and hereby do move *in limine* pursuant to Federal Rule Evidence 402, 403, 1002, and 1003 to exclude Plaintiffs from offering trial exhibits containing confidentiality designations added during the litigation pursuant to the parties' Stipulated Protective Order (Dkt. No. 54) ("Protective Order").

This motion is based on these papers, the materials cited herein, the pleadings and evidence on file in this matter, oral argument, and such other materials and argument as may be presented.

**STATEMENT OF RELIEF SOUGHT**

Defendants request an Order that documents bearing confidentiality designations that were added for purposes of discovery, e.g., "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" shall be redacted or reproduced to remove such designations prior to being admitted into evidence or shown to the jury.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

In this motion, Defendants seek to require that the confidentiality stamps the parties placed on documents solely for purposes of the Protective Order such as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "CONFIDENTIAL" be removed so as to avoid confusing the jury (and prejudicing Defendants) about the native documents' status as "confidential information" under the subject non-disclosure agreement or as trade secrets or erroneously attribute the labels to Plaintiffs' efforts to maintain the secrecy or confidentiality of their information.  Simply put, documents that were never marked "confidential" before the litigation should be viewed by the jury in that form so as not to mislead them as to how the materials were actually treated by the parties during the events in question.

As described herein, the discovery labels are inadmissible on multiple independent grounds: they are irrelevant under Rule 402; they create unfair prejudice (with no countervailing probative value) under Rule 403; and they render the documents upon which they appear inauthentic pursuant to Rules 1002 and 1003. The Court should preclude Plaintiffs from offering documents into evidence or showing documents to the jury that bear confidentiality labels affixed by attorneys during discovery.

## II.   BACKGROUND

### A.   The Protective Order

The parties' Protective Order at § 5.2(a) allows the parties to affix legends including "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each individual page of documentary evidence (paper and electronic documents) that the producing party believes to contain protectable material. All documents in this case were produced electronically. A significant portion of the 2300 documents on Plaintiffs' preliminary Trial Exhibits List are stamped either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

### B.   The Non-Disclosure Agreement

Section 1 of the November 4, 2011 Non-Disclosure Agreement between Facebook and Plaintiff BladeRoom Group Limited ("BRG") defines ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ To establish breach, BRG must prove, among other things, that it invoked the confidentiality provision as to the claimed information in question and that none of the exceptions under Section 5 apply.

### C.   Trade Secret Misappropriation

Under the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426.1(d)(2) information is protectable as a "trade secret" only where it "[i]s the subject of efforts that are reasonable under the

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2.

DEFENDANTS' NOTICE OF MOTION &
MOTION IN *LIMINE* #2
CASE NO. 15-cv-01370 EJD

circumstances to maintain its secrecy."  Plaintiffs must prove that they took such "reasonable" efforts, in order to prevail on their claim against both Defendants.

### III.  ARGUMENT

It would be prejudicial to Defendants and highly improper for Plaintiffs to present members of the jury with versions of relevant documents that have been altered with confidentiality stamps pursuant to the Protective Order.  There is no probative value associated with these artificial discovery markings, and the markings themselves carry the prejudicial suggestion that the information contained in them satisfies requirements for protection that the Plaintiffs must prove.  For the reasons described herein, the Federal Rules of Evidence preclude Plaintiffs from entering such documents into evidence or otherwise showing them to the jury.

*First*, pursuant to Rule 402, the confidentiality designations are "irrelevant" and thus inadmissible.  *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").  Because the parties' attorneys applied the stamps in the course of discovery, stamped copies of otherwise relevant documents have no bearing on any fact of consequence in the action.  Fed. R. Evid. 401; *see also In re Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, 2:12-CV-4301, 2014 WL 505234, at *7 (S.D.W. Va. Feb. 5, 2014) ("[w]hether a party designates a document as confidential during the litigation process is absolutely irrelevant.").

*Second*, allowing the jury to see altered versions of documentary evidence bearing conspicuous labels that say "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" unfairly prejudices Defendants and presents a significant risk of misleading the jury by: (1) giving the impression that confidentiality labels are part of the original documents, and (2) giving the impression that the documents actually contain material that is subject to legal protection.  As described above, BRG's non-disclosure agreement with Facebook requires that

Plaintiffs bear the burden of proving that it

*Id.*  In addition, in the trade secret context, Plaintiffs must show that

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3.

DEFENDANTS' NOTICE OF MOTION &
MOTION IN *LIMINE* #2
CASE NO. 15-cv-01370 EJD

they took reasonable steps to protect the secrecy of the claimed trade secret, and marking materials confidential can be a factor in that determination.   Leaving in place the made-for-litigation confidentiality labels could prejudice Facebook by artificially easing Plaintiffs' burdens.

The likelihood of juror confusion over the confidentiality labels was previewed during discovery, when testifying witnesses became confused by the stamps and mistook them for markings that were part of original documents.  The following exchange occurred during Plaintiffs' deposition of Facebook witness, Jay Park:

> Q.  Did you have an understanding that the proposals that BladeRoom provided to you, such as what's attached to Exhibit 123, were confidential and covered by the NDA as Mr. Tse indicates?
>
> A.  Yes. If that was stamped as confidential, yes.
>
> Q.  So are there any other proposals that we've --that you've looked at, do you have an understanding that those were somehow not covered by the NDA?
>
> A.  No. I think it says right here on the bottom. I see that as confidential information. I can read it.
>
> Q.  Okay.
>
> A  Right here. Confidential.
>
> Q.  MR. LAMBERT: Actually --
>
> THE WITNESS: Does that say confidential?
>
> MR. LAMBERT: Mr. Park, you're pointing to a marking on document that was made for purposes of the litigation, not something that was native to the document. Jeff, you need to guide him.
>
> BY MR. FISHER: Q Mr. Park, my question simply is whether you understood that, as Mr. Tse indicates in Exhibit 123, that the proposals that BladeRoom was providing to Facebook were protected by the nondisclosure agreement?
>
> A Yes, it was marked confidential.

Declaration of Matthew D. Caplan in Support of Facebook's and Defendants' Motions *in Limine* ("Caplan Decl.") Ex. 4, J. Park Dep. Tr. at 93:10-94:9.  In this exchange, even the witness could not distinguish *relevant* native confidential markings from *irrelevant* confidentiality stamps applied under the Protective Order, and Plaintiffs' would like to exploit that at trial.  Notably, Plaintiffs' Counsel (Mr. Fisher) made no effort to clear up the witness' confusion in the exchange above.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4.

DEFENDANTS' NOTICE OF MOTION &
MOTION IN *LIMINE* #2
CASE NO. 15-cv-01370 EJD

***Third***, the altered documents are rendered inauthentic and thus inadmissible under Rules 1002 and 1003 which require "[a]n original writing . . . to prove its content" and provide that duplicates may not be admitted if "the circumstances make it unfair to admit the duplicate." No witness can properly authenticate documents that have been modified with confidentiality notations. *See* Fed. R. Evid. 901(a).

***Fourth***, because the confidentiality designations are not evidence and have *zero* probative value, and because Defendants will suffer clear prejudice as a result, any burden on Plaintiffs in removing or redacting the designations is irrelevant. During the meet and confer process, Plaintiffs opposed Defendants' request only because they claimed it would be difficult to remove the confidentiality stamps from the documents. This complaint rings hollow. The essential purpose of Rule 403 is especially violated where prejudice has been introduced by *non-evidentiary material* placed on a proffered exhibit, and purported "burden" to a party should not be accepted to justify that. Regardless, however, it is not unduly burdensome for Plaintiffs to either redact or reproduce versions of their trial exhibits that do not have confidentiality stamps. For instance, Facebook's counsel was involved in a trial just last year in which the Court ordered confidentiality designations to be removed from trial exhibits *on the same morning* that trial began. Caplan Decl. ¶¶ 6-7 and Exs. 5-6. Plaintiffs in that case were able to comply with the Court's order within 24 hours for documents used in their opening statement. *Id.* ¶ 7. Where confidentiality stamps are added to documents using a computer program prior to making a production, new versions of those same documents can be reproduced *without* the confidentiality stamps. Alternatively, documents can be redacted efficiently in Adobe Acrobat. *See* Declaration of Cassandra Reed in Support of Defendants' Motion *in Limine* No. 2. Plaintiffs have more than enough time before trial to accomplish this simple task.

***Finally***, an instruction to the jury to disregard the stamps would not solve the evidentiary issue. Such an instruction would highlight the stamps to the jury, further prejudicing Defendants. And an instruction simply to disregard would not notify witnesses of the true source of the stamps. As a result, Defendants would be forced at trial to explain that the stamps were placed on the documents after the fact by Plaintiffs' counsel, and that the original documents do not bear those stamps, including by

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5.

DEFENDANTS' NOTICE OF MOTION &
MOTION IN *LIMINE* #2
CASE NO. 15-CV-01370 EJD

questioning Plaintiffs' witnesses about whether the stamps were placed on the documents by them prior to the litigation. The Rules of Evidence call for the exclusion of such documents, not their explanation via a jury instruction or testimony. Notwithstanding this fact, however, if the Court does not grant Defendants' motion *in limine*, Defendants request the ability to add an instruction for the jury to disregard confidentiality stamps added during discovery.

## IV.    CONCLUSION

In conclusion, the only confidentiality stamps that witnesses and the jury should see during trial are those that exist on the original documents and records, not those that were added by lawyers during discovery. Defendants respectfully requests that the Court grant its motion and preclude any party from presenting evidence to the jury with confidentiality stamps added during the litigation discovery process.

Dated:        March 8, 2018             COOLEY LLP


                                        */s/ Michael Rhodes*
                                        Michael Rhodes

                                        Attorney for Defendant
                                        FACEBOOK, INC.


Dated:        March 8, 2018             PROCOPIO, CORY, HARGREAVES & SAVITCH LLP


                                        */s/ Robert Sloss*
                                        Robert Sloss

                                        Attorney for Defendants
                                        EMERSON ELECTRIC CO., EMERSON NETWORK POWER SOLUTIONS, INC. and LIEBERT CORPORATION

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6.

DEFENDANTS' NOTICE OF MOTION &
MOTION IN *LIMINE* #2
CASE NO. 15-CV-01370 EJD

1

**FILER'S ATTESTATION**

2

Pursuant to Civil Local Rule 5.1(i)(3), the undersigned attests that all parties have concurred

3

in the filing of this Defendants' Notice of Motion,  Motion *in Limine* No. 2 to Exclude Protective

4

Order Confidentiality Designations on Trial Exhibits

5

6

DATED:   July 14, 2014                     COOLEY LLP

7

8

By: */s/Michael G. Rhodes*

9

Michael G. Rhodes

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Cooley LLP
Attorneys At Law
San Francisco

7.

**Defendants' Notice of Motion &
Motion in *Limine* #2
Case No. 15-cv-01370 EJD**