UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

BLADEROOM GROUP LIMITED, et al.,

Plaintiffs,

v.

FACEBOOK, INC., et al.,

Defendants.

Case No. 5:15-cv-01370-EJD

**ORDER RE: MOTIONS IN LIMINE**

Re: Dkt. Nos. 595, 597, 598, 601-606, 608-611, 614, 616, 618, 620, 622, 624

Presently before the court are motions in limine. These matters are suitable for decision without oral argument, and as such, the parties should avoid arguing or rearguing them at the upcoming pretrial conference. Civ. L.R. 7-1(b). These rulings remain in effect throughout all phases of the trial, but may be revised by the court at any time.

I.    **RULINGS ON MOTIONS IN LIMINE**

A.    **Plaintiffs' Motions**

Having considered the parties' moving and responding papers, the court rules as follows as to Plaintiffs' motions:

1.    Plaintiffs' first motion to exclude Defendants from presenting any evidence, testimony or argument regarding any trade secrets no longer being asserted or "dropped," the timing and sufficient particularity of the trade secret disclosures including the prior summary judgment ruling on Trade Secret 9, and any role Plaintiffs' experts had in narrowing the asserted trade secrets (Dkt. No. 603) is GRANTED.

Under Federal Rule of Evidence 401, evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of

consequence in determining the action." Under Federal Rule of Evidence 403, relevant evidence can be excluded "if its probative value is substantially outweighed by a danger of . . . confusing the issues," or if it misleads the jury, causes undue delay, or wastes time.

The court reads this motion to request the exclusion of references at trial to the fact that Plaintiffs reduced the number of trade secrets they assert in this action, and grants it to that extent. Any such evidence on that topic is irrelevant, and its probative value is substantially outweighed by its potential to mislead the jury. But as another court has noted, "[p]recluding references to this fact does not preclude references to the previously asserted claims themselves" to the extent that information is otherwise relevant and not excludable on another basis. Fujifilm Corp. v. Motorola Mobility LLC, No. 12-cv-03587-WHO, 2015 WL 12622055, *3 (N.D. Cal. Mar. 19, 2015)

The documents referenced in the motion must be excluded for the same reason. Plaintiffs' Identification of Trade Secrets pursuant to California Civil Procedure Code § 2019.210, discovery rulings, summary judgment orders, and the August 9th letter are each irrelevant because the jury will not be charged with deciding the sufficiency of Plaintiffs' trade secret disclosures during this litigation. That issue has been raised and decided by the court several times already, and there is no evidentiary value to these documents outside of potentially misleading and confusing the jury.

Furthermore, these documents are not relevant to show the "credibility" of any representation by Plaintiffs that they owned trade secrets at the time of any alleged misappropriation or breach of a non-disclosure agreement. Each document was created on a date subsequent to any accused conduct, and as such cannot make Plaintiffs' representations they owned trade secrets years prior - during the relevant period of accused conduct - any more or less probable.

2. Plaintiffs' second motion to preclude Defendants from using the deposition testimony of Bill Mazzetti for any purpose under Federal Rule of Civil Procedure 32(a)(3), and from referring to Mazzetti as Plaintiffs' managing agent executive, director, employee, or officer (Dkt. No. 604) is GRANTED.

Federal Rule of Civil Procedure 32(a)(3) permits an adverse party to "use for any purpose

the deposition of a party or anyone who, *when deposed*, was the party's officer, director, managing agent, or designee . . . ." Mazzetti testified at deposition that he is the Senior Vice President and Chief Engineer for Rosendin Electric. Since there is no evidence to show Mazzetti was Plaintiffs' officer, director, managing agent or designee when he was deposed, his deposition cannot be used under Rule 32(a)(3).

      3.     Plaintiffs' third motion to exclude evidence, testimony, or argument relating to Marco Margarelli's SY-MOD-CHASIS-8x360.dwg "chasis" drawing being created before August, 2012 (Dkt. No. 614) is DENIED.

      Federal Rule of Civil Procedure 26(e) requires parties to supplement or correct disclosures or discovery responses unless "the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." In turn, Federal Rule of Civil Procedure 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Once a Rule 26 violation is shown, the exclusion of evidence is "automatic and mandatory" (Finley v. Marathon Oil Co., 75 F.3d 1225, 1230 (7th Cir. 1996); Goodman v. Staples the Office Superstore, LLC, 644 F.3d 817, 827 (9th Cir. 2011)), unless the party facing sanctions proves "that its failure to disclose the required information was substantially justified or is harmless." R&R Sails, Inc. v. Ins. Co. of the State of Pa., 673 F.3d 1240, 1246 (9th Cir. 2012).

      Here, a Rule 37(c) exclusion sanction is not justified because Plaintiffs have not established that Defendants failed to provide or supplement their discovery responses with Magarelli's drawing or its embedded information; to the contrary, Defendants actually produced the evidence in its native format. That Plaintiffs did not access the electronic file it in a program capable of revealing the "created" date advocated by Defendants is beside the point.

      Moreover, the probative value of this evidence is outweighed by any prejudice to Plaintiffs, particularly since Plaintiffs can cross-examine Magarelli concerning the drawings, and

United States District Court
Northern District of California

when he allegedly created them, at trial.

4.    Plaintiffs' fourth motion to exclude Defendants from presenting any evidence, testimony, or argument relating to any alleged breach of or alleged failure to perform by Plaintiffs under the non-disclosure agreements between Plaintiffs and Defendants (Dkt. No. 605) is GRANTED IN PART and DENIED IN PART.

Facebook represents it will not use evidence alleging that Plaintiffs' breached the non-disclosure agreement to support an unclean hands defense (which defense was removed by summary judgment in any event) and will stipulate to make no mention of Plaintiff's "breach or failure to perform or use Paul Rogers' testimony for that purpose." For its part, the Emerson Defendants do not oppose this motion with respect to excluding evidence relating to Plaintiffs' breach of the non-disclosure agreement. This motion is granted to extent consistent with Defendants' representations and offer to stipulate.

However, the court agrees with Defendants that the requested order, to exclude "*any* evidence . . . or argument relating to any alleged breach of or alleged failure to perform by Plaintiffs" is overbroad. Since evidence "relating" to any alleged breach or failure to perform may be relevant to other issues, the motion is otherwise denied.

5.    Plaintiffs' fifth motion to exclude Defendants from presenting any evidence, testimony, or argument regarding Plaintiffs' supposed plan to sue Facebook for patent infringement, including but not limited to all evidence or argument regarding "Project Bob" (Dkt. No. 606) is GRANTED.

Facebook contends the "Project Bob" evidence is relevant to contract formation. Specifically, Facebook states that "Plaintiffs' motivations for entering into the [non-disclosure agreement], and thereafter pursuing Facebook's business via receipt of extensive amounts of Facebook's confidential data center design information, are relevant to contract formation and the overarching dispute, and therefore, for the jury to understand." It appears based on this statement and the related footnote that Facebook intends to introduce "Project Bob" evidence to support an argument that Plaintiffs had an undisclosed intention to obtain Facebook's confidential

information and then use it to determine whether to engage litigation. Even if that is true, however, this "fraud-in-the- inducement" evidence would not preclude contract formation for lack of mutual assent.

"California law distinguishes between fraud in the 'execution' or 'inception' of a contract and fraud in the 'inducement' of a contract." <u>Rosenthal v. Great W. Fin. Sec. Corp.</u>, 14 Cal. 4th 394, 415 (1996). "[I]n the former case the fraud goes to the inception or execution of the agreement, so that the promisor is deceived as to the nature of his act, and actually does not know what he is signing, or does not intend to enter into a contract at all, mutual assent is lacking, and [the contract] is void. In such a case it may be disregarded without the necessity of rescission." <u>Id</u>. (quoting <u>Ford v. Shearson Lehman Am. Express, Inc.</u>, 180 Cal. App. 3d 1011, 1028 (1986)). "Fraud in the inducement, by contrast, occurs when the promisor knows what he is signing but his consent is induced by fraud, *mutual assent is present and a contract is formed*, which, by reason of the fraud, is voidable . . . . In order to escape from its obligations the aggrieved party must rescind . . . ." <u>Id</u>. (emphasis added).

Since Facebook has not sought to rescind its nondisclosure agreement with Plaintiffs, this evidence is irrelevant to issues of contract formation. Nor is it admissible to show course of dealing, because neither party argues the terms of the nondisclosure agreement are ambiguous. <u>See</u> Cal. Civ. Proc. Code § 1856(c). For any other purpose, such as to show "context," the evidence is more prejudicial than probative, and excludable under Rule 403.

6.      Plaintiffs' sixth motion to exclude evidence, testimony or argument relating to Judge Alsup's order excluding Plaintiffs' damages expert, Michael Wagner, from testifying in another trade secrets trial (Dkt. No. 608) is GRANTED.

The court understands this motion to apply to Judge Alsup's written order, rather than as to Wagner's experience in other trials generally. As so construed, Defendants argue they are entitled to cross-examine Wagner regarding the order because it is "highly probative to the weight and credibility of his testimony." The problem with the order, however, is that it was decided by another judge, in a different case with different facts, under <u>Daubert</u>. Judge Alsup's comments

were on the reliability and admissibility of Wagner's methods, not on his credibility or on the

weight of the testimony, which issues are plainly outside the scope of the court's role under

Daubert.  See Dorn v. Burlington N. Santa Fe R.R. Co., 397 F.3d 1183, 1196 (9th Cir. 2005)

(citing Jahn v. Equine Servs., PSC, 233 F.3d 382, 391 (6th Cir. 2000)).  Introducing the order

would be the equivalent of surrendering this court's Daubert responsibilities to another judge or to

the jury, and would confuse and mislead the jury as it considers whether or not to accept Wagner's

opinion.

Accordingly, Judge Alsup's order is irrelevant and any probative value it may have is

substantially outweighed by the risk of significant prejudice.  It must be excluded for these

reasons.

7.      Plaintiffs' seventh motion to prohibit the Emerson Defendants from introducing,

relying on, or making any argument based on the "over one million pages" of documents produced

after June 30, 2017 (Dkt. No. 609) is DENIED.

The court previously addressed this argument at a Case Management Conference and was

unpersuaded by Plaintiffs' position.  It is no more persuasive here.  The documents Plaintiffs

reference in this motion were timely produced under a plain reading of the stipulation extending

the discovery cutoff.  While the court understands Plaintiff think otherwise based on the "spirit" of

the parties' agreement, decisions cannot be made on "spirit" when there is a document embodying

the terms of the stipulation.  Furthermore, the court notes that Plaintiffs have now been in

possession of these documents for several months.  And though an exhibit list has been submitted

with the parties' pretrial documents, Plaintiffs offer no argument regarding prejudice arising from

any specific document that is both part of this production and a proposed trial exhibit.

8.      Plaintiffs' eighth motion to exclude (1) the testimony of certain of the Emerson

Defendants' witnesses, and (2) evidence the Emerson Defendants did not disclose in discovery,

including evidence relating to a company called "Roeslein" (Dkt. No. 610) is GRANTED IN

PART and DENIED IN PART.

Federal Rule of Civil Procedure 26(a)(1) requires parties to disclose witnesses "that the

United States District Court
Northern District of California

disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." And as noted, Federal Rule of Civil Procedure 26(e) requires parties to supplement or correct disclosures or discovery responses unless "the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Failure to comply with either provision can result in an exclusion sanction under Rule 37(c)(1) unless the party facing sanctions proves substantial justification or harmlessness.

Regarding witnesses, Plaintiffs first request an order excluding anyone other than David Gerhart, Eric Wilcox, Denis Rancic, Viktor Petik, and Stjepan Sinkovic from testifying about an independent development/fair use/justification defense, because the Emerson Defendants failed to adequately disclose these witnesses in response to interrogatories requesting information supporting the defense. Having reviewed the interrogatories and the responses, the court finds that the Emerson Defendants did not adequately disclose witnesses other than Gerhart, Wilcox, Rancic, Petik and Sinkovic. The court does not accept the Emerson Defendants' argument for compliance, based on references to additional witnesses in documents listed in response to the interrogatories. The sheer volume of document references is so great that expecting Plaintiffs, or anyone for that matter, to review and understand the significance of any individual referenced, and also understand that individual's connection to any defense, is unreasonable. Moreover, the court has reviewed the specific documents listed in the opposition, but cannot agree that those documents adequately associate any individual with a particular defense. To be sure, the Rule 26(a)(1) witness disclosure requirement and the Rule 26(e) supplementation requirement are explicit and their obligations are sua sponte (Apple, Inc. v. Samsung Elecs. Co., Ltd., No. 11-CV-01846-LHK, 2012 WL 3155574, at *4 (N.D. Cal. Aug. 2, 2012)); providing a haystack with a hidden needle in it without further update does not suffice. And this failure to failure to disclose or update is neither harmless nor substantially justified. This portion of the motion is granted.

Plaintiffs also request an order precluding Jason Gloekner, Lorenz Hofmann, John Hoeffner, Richard Jamison, David Klusas, Steve Madara and Craig Shores from testifying at all. The Emerson Defendants point out that these individuals, save for Gloekner and Jamison, were

listed in their supplemental disclosures. Thus, the court finds no Rule 26 violation as to Hofman, Hoeffner, Klusas, Madara and Shores, and denies the motion as to those witnesses. The motion is granted as to Gloekner and Jamison, however, because the exclusion of their names (rather than their businesses) from the disclosures is neither harmless nor substantially justified.

Regarding evidence, the court declines to issue a broad order excluding all evidence not disclosed during discovery. The parties should instead raise the objection to specific evidence to which it might apply. As to "Roeslein," evidence concerning this company was disclosed to Plaintiffs in 2016, and Plaintiffs were able to question Hoeffner about it at his deposition. The motion is therefore denied as to "Roeslein" evidence.

9. Plaintiffs' ninth motion to (1) preclude the Emerson Defendants from attempting to defend this action on the basis of any purported corporate separation, and (2) allow Plaintiffs and the court to refer to the Emerson Defendants collectively as "Emerson" during the trial, in jury instructions, and on the verdict form, and for a jury instruction on the use of "Emerson" (Dkt. No. 611) is GRANTED IN PART and DEFERRED IN PART.

The Emerson Defendants do not intend to defend this action based on corporate separation. Accordingly, the motion is granted so as to preclude any such argument or evidence, and to permit the parties and the court to refer to the Emerson Defendants as "Emerson" during trial, in pleadings, and in jury instructions. The motion is deferred as to the request for a jury instruction on this issue.

**B.    Defendants' Joint Motions**

The court rules as follows as to Defendants' joint motions:

1. Defendants' first motion to bifurcate the trial (Dkt. No. 595) is GRANTED IN PART and DENIED IN PART.

The motion is granted as to Defendants' request to bifurcate, such that the jury will determine in the first phase of the trial issues of liability, compensatory damages, and whether Plaintiffs are entitled to punitive damages for willful and malicious appropriation of trade secrets. The court will determine in the second phase of the trial the amount of any punitive damages that

should be awarded.

The motion is denied as to Defendants' request to exclude "all evidence" of their financial condition from the first phase of the trial. The parties should instead raise objections to particular items of evidence, at which time the court can determine admissibility.

2.      Defendants' second motion to exclude protective order confidentiality designations on trial exhibits (Dkt. No. 616) is GRANTED.

The court finds that protective order confidentiality designations are irrelevant, and risk confusing and misleading the jury on the issue of whether Plaintiffs' took reasonable steps to maintain the confidentiality of their trade secrets. The court suggests that any party with concerns about removing the designations from trial exhibits should maintain a master list of confidential exhibits to track any produced pursuant to the protective order.

3.      Defendants' third motion for an evidentiary instruction that the "commercial in confidence" labels on BladeRoom materials are inadmissible hearsay, or otherwise inadmissible as misleading (Dkt. No. 620), is DENIED.

Under the California Uniform Trade Secrets Act ("CUTSA"), a "trade secret" is "information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Cal. Civ. Code § 3426.1(d). The "commercial in confidence" labels are relevant to the second element of this definition, and are admissible for the non-hearsay purpose of showing Plaintiffs' state of mind and belief, as well as potentially admissible to showing Defendants' state of mind or belief as to documents marked with that designation. The court finds the probative value of this evidence outweighs any risk that it may mislead the jury, and therefore denies this motion to the extent it seeks to exclude the labels.

The request for an evidentiary instruction is also denied because, as noted, the labels are not "inadmissible hearsay."

4.      Defendants' fourth motion to prohibit Plaintiffs from making any reference to or argument regarding a "conspiracy" between Facebook and the Emerson Defendants to breach their respective non-disclosure agreements, and to request a limiting instruction that any evidence of an alleged conspiracy must only be considered in light of the claim for misappropriation of trade secrets (Dkt. No. 602) is GRANTED IN PART and DEFERRED IN PART.

The motion is granted as to the request to prohibit Plaintiffs from using "conspiracy" evidence to prove a breach of contract since Plaintiffs state they will not pursue that theory. The request for a jury instruction on this issue is deferred.

5.      Defendants' fifth motion to preclude Plaintiffs from introducing any evidence concerning misappropriation by acquisition or disclosure (Dkt. No. 624) is DENIED.

The court explicitly instructed the parties at a Case Management Conference not file motions in limine constituting re-arguments of summary judgment motions. Facebook's counsel agreed it would not do so. Yet this motion, which at its core does exactly that, was filed.

The court found in connection with the parties' summary judgment motions that there was sufficient evidence upon which a jury could find in Plaintiffs' favor on theories of trade secret misappropriation by acquisition or disclosure. That ruling still stands. Any alleged defects in Plaintiffs' damages presentation can be argued to the jury or at the appropriate time in a motion under Federal Rule of Civil Procedure 50. The request is not the proper subject of a motion in limine.

**C.      Facebook's Motions**

The court rules as follows as to Facebook's motions:

1.      Facebook's first motion to exclude evidence that Plaintiffs obtained oral non-disclosure agreements from the attendees of an event in 2014 (Dkt. No. 622) is DENIED.

Again, Plaintiffs must prove under CUTSA they made reasonable efforts to maintain the secrecy of any claimed trade secret. Cal. Civ. Code § 3426.1(d). Their efforts to obtain oral non-disclosure agreements from attendees at a conference during which Plaintiffs' technology was on display is relevant to that issue, and admissible for the non-hearsay purpose of showing Plaintiffs'

Case No.: 5:15-cv-01370-EJD
ORDER RE: MOTIONS IN LIMINE

state of mind.  Moreover, the probative value of such evidence outweighs any potential prejudice it poses.

2. Facebook's second motion to preclude Plaintiffs from referencing Keystone's time and effort in obtaining published materials in connection with a readily-ascertainable defense (Dkt. No. 601) is DENIED.

In general, information is "readily ascertainable" if it can be acquired through some publicly-available source, such as a patent or other published materials, or from an examination of a product on public sale or display.  Restatement (Third) of Unfair Competition § 39 cmt. f (1995); see also DVD Copy Control Ass'n, Inc. v. Bunner, 31 Cal. 4th 864, 899 (2003) (Moreno, J. concurring).  At the same time, "the accessibility of information . . . is evaluated in light of the difficulty and cost of acquiring the information by proper means."  Restatement (Third) of Unfair Competition § 43 cmt. (1995).  If acquisition would be "difficult, costly, or time-consuming, the trade secret owner retains protection" against misappropriation.  Restatement (Third) of Unfair Competition § 39 cmt. f (1995).

Given this characterization of the "readily ascertainable" defense, the amount of time it took experts or those working with them to obtain and put together information concerning Plaintiffs' trade secrets from public sources is relevant and admissible.

3. Facebook's motion to preclude Plaintiffs from arguing that their alleged trade secrets were misappropriated or the non-disclosure agreement breached with respect to any Facebook data center other than Lulea 2 or Sub-Zero (Dkt. No. 618) is DENIED.

As Plaintiffs state in opposition to this motion, their theory is that Defendants misappropriated their confidential information and incorporated it into other data centers in addition to Lulea 2 and Sub-Zero.  Evidence concerning Facebook's other data centers is therefore relevant to both misappropriation and breach of contract, and its probative value is not outweighed by any potential prejudice.  Whether Plaintiffs can prove damages in relation to another data centers is an issue to be argued to the jury or raised in a motion under Rule 50.

4. Facebook's motion to preclude experts from offering opinions not included in a

report (Dkt. No. 597) is GRANTED.  The court clarifies, however, that experts may respond to rebuttal opinions.

### D.    Emerson Defendants' Motions

The court rules as follows as to the Emerson Defendants' motions:

1.    The Emerson Defendants' first motion to prevent Plaintiffs from introducing evidence or making references related to indemnification obligations of the Emerson Defendants (Dkt. No. 598) is GRANTED.

Though the Emerson Defendants' indemnification obligation does not neatly fit within Federal Rule of Evidence 411, admission of this evidence in the manner proposed by Plaintiffs would confuse or mislead the jury.  Its minimal probative value is therefore outweighed by the strong potential for a prejudicial effect.

2.    The Emerson Defendants' second motion to prevent Plaintiffs from introducing evidence relating to the Master Purchase Agreement between Platinum Equity Advisors and Emerson, with the exception of the Master Allocation Statement and connected spreadsheets (Dkt. No. 598), is DEFERRED.

The court is unable to properly assess the potential relevance or possible probative value of the entire Master Purchase Agreement at this time.  The Emerson Defendants should raise this objection at trial when appropriate.

3.    The Emerson Defendants' third motion to exclude evidence of and references to any Emerson projects started, or presentations made, after the expiration of Emerson's non-disclosure agreement with Plaintiffs (Dkt. No. 598) is DENIED.

Emerson contends that because its non-disclosure agreement with Plaintiffs expired on August 17, 2013, "Emerson cannot be held liable for misappropriation based on any subsequent conduct."  They go on to argue that "after expiration of the NDA, the information was no longer 'secret' because Emerson was under no obligation to treat it as confidential," and that "whatever trade secret protection that may have attached was 'extinguished' on that date."  This argument, however, is unpersuasive because it fails to explain exactly how the temporal limitation in the

United States District Court
Northern District of California

non-disclosure agreement "extinguished" liability stemming from an alleged misappropriation or breach that occurred during the agreement's operative period.  See Sikes v. McGraw-Edison Co., 665 F.2d 731, 737 (5th Cir. 1982).  Moreover, as to the *tort* for trade secret misappropriation, the fact that a *contract* expired does not automatically render any information incapable of receiving trade secret protection; rather, it is one fact the jury may consider to determine whether or not Plaintiffs adequately protected their trade secrets subsequent to the termination.

Though the Emerson Defendants have framed this as a contract interpretation issue, the court disagrees that such a legal exercise is required to properly rule on this motion and does not undertake such an analysis here.  The court finds that evidence of Emerson projects post-dating the termination of then non-disclosure is potentially relevant, and that its probative value is not outweighed by its potential prejudice.

4.      The Emerson Defendants' fourth motion to prevent Plaintiffs from introducing evidence relating to Karthik Kailasam's attendance and/or statements made at the June 2014 "7x24" conference (Dkt. No. 598) is GRANTED IN PART and DENIED IN PART.

As to Kailasam's alleged statements, the court recognizes that a statement offered against an opposing party is not hearsay if "made by the party's agent or employee on a matter within the scope of that relationship and while it existed."  Fed. R. Evid. 801(d)(2)(D).  But the proffering party must "lay a foundation to show that an otherwise excludable statement relates to a matter within the scope of the agent's employment."  Harris v. Itzhaki, 183 F.3d 1043, 1054 (9th Cir. 1999).  Plaintiffs' opposition does not establish that the statements made by Kailasam are within the scope of his employment as a marketing manager.  Notably, Plaintiffs did not submit a job description or other similar evidence or testimony defining Kailasam role at Emerson.  Though the internal email evidence suggests that attending the conference was within the scope of Kailasam's employment, nothing shows this scope also encompassed knowledge of the technical details of the Emerson Defendants' data center technology versus that of Plaintiffs, or knowledge of Emerson Defendants' financial arrangements with Facebook.  The court therefore finds that Kailasam's statements are inadmissible hearsay.

Case No.: 5:15-cv-01370-EJD
ORDER RE: MOTIONS IN LIMINE

13

But even if they were admissible as a Rule 801 admission, the court would nonetheless exclude Kailasam's statements under Federal Rule of Evidence 403. The statements suggest, without supporting foundation, that Kailasam has some insider expertise or knowledge about the technical details of Plaintiffs' technology, or of the Emerson Defendants' arrangements with Facebook. Furthermore, the court cannot ignore the fact that Kailasam made these alleged statements during a confrontation with Plaintiffs' representative. This context implies an emotional response to being denied entry rather than one supported by actual knowledge. Given these circumstances, the court finds the probative value of the statements is outweighed by the likelihood it would confuse or mislead the jury, particularly since Kailasam is not expected to appear at trial to explain the basis for his statements. The motion is therefore granted as to Kailasam's statements.

Kailasam's attendance at the conference and his interaction with Plaintiffs' representative is a different story, however. That evidence is relevant and its probative value is not outweighed by any prejudice. The motion is denied as to that evidence.

**IT IS SO ORDERED.**

Dated: March 23, 2018

EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California