UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

BLADEROOM GROUP LIMITED, et al.,

    Plaintiffs,

v.

FACEBOOK, INC., et al.,

    Defendants.

Case No. 5:15-cv-01370-EJD

**ORDER AFTER JURY TRIAL (DAY 2)**

### MOTION FOR MISTRIAL AND/OR ADJOURNMENT AND CONTINUANCE

After the trial day concluded on April 4, 2018, Juror #1 informed the Courtroom Deputy she had overheard information that could be pertinent to her continued service as a juror. The court and counsel questioned Juror #1 in-camera the next morning about her exposure to this information. The court ultimately determined Juror #1 should be excused.

Juror #1 returned to the deliberation room with the other members of the panel before she was notified of her release from service. When the Courtroom Deputy entered the room, she overheard a juror, other than Juror #1, use a distinctive word raised during the in-camera conversation with Juror #1, which had concluded minutes earlier. Outside of the deliberation room, the Courtroom Deputy asked the juror why she used the word. The juror told the Courtroom Deputy that Juror #1 related information concerning the in-camera hearing to the other members of the jury.

The Courtroom Deputy notified the court, which held another in-camera hearing, with counsel present, to determine exactly what information Juror #1 provided to the jury. Each juror and alternate juror was questioned separately. Though their perceptions of the event differed

slightly, they each stated that Juror #1 did not did not divulge exactly what information she heard. The jurors also indicated that Juror #1's comments did not affect their ability to impartially decide this case.

Facebook moved for a mistrial and/or adjournment and continuance at the conclusion of juror questioning. The court denied the motion on the record. This order details the basis for that denial.

In terms of motions for mistrial in both criminal and civil cases, the Ninth Circuit distinguishes between circumstances involving "extraneous" evidence and those involving "ex parte" contacts. Sea Hawk Seafoods, Inc. v. Alyeska Pipeline Serv. Co., 206 F.3d 900, 906 (9th Cir. 2000).

In "extraneous" evidence cases, the jury receives information pertaining to the case at bar, such as "when papers bearing on the facts get into the jury room without having been admitted as exhibits, or when a juror looks things up in a dictionary or directory." Id. "Ex parte" contact cases, in contrast, "generally do 'not pertain to any fact in controversy or any law applicable to the case.'" United States v. Rosenthal, 454 F.3d 943, 949 (9th Cir. 2006).

"Where ex parte communication is involved, the district court, upon finding a reasonable possibility of prejudice, must hold a fair hearing." Id. But to obtain a new trial based on an "ex parte" contact, a defendant must demonstrate "actual prejudice." United States v. Madrid, 842 F.2d 1090, 1093 (9th Cir. 1988).

Here, Juror #1's comments to her fellow jurors constituted an "ex parte" contact because the contents did not impart information pertaining to any fact in controversy or any law applicable to this case. During the in-camera hearing to determine if Juror #1's comments had any effect, the other members of the jury indicated they could decide this case impartially. Accordingly, the court concludes, as it explained on the record, that Facebook would not suffer any actual prejudice as a result of the incident involving Juror #1.

Though not the direct genesis of the motion, Defendants have also suggested that negative publicity concerning other conduct not at issue in this case could render these proceedings unfair.

Case No.: 5:15-cv-01370-EJD
ORDER AFTER JURY TRIAL (DAY 2)

2

1  The court notes, however, that aside from former Juror #1, there is no evidence that any other juror

2  was exposed to problematic content outside of the trial. At this point, Defendants have "merely

3  urged" or presumed that the jury must have been exposed to prejudicial information. But "[t]he

4  presumption is the other way." United States v. Eaglin, 571 F.2d 1069, 1084 (9th Cir. 1977). "As

5  Mr. Justice Holmes said in Holt v. United States, 218 U.S. 245, at p. 251: 'If the mere opportunity

6  for prejudice or corruption is to raise a presumption that they exist, it will be hard to maintain jury

7  trial under the conditions of the present day.'" Id. at 1084-85.

   In addition, jurors are presumed to follow the court's instructions. Fields v. Brown, 503
F.3d 755, 782 (9th Cir. 2007). At the commencement of this case, the court instructed the jury
about what they can and cannot consider as evidence. The jury has also been specifically
instructed that anything heard or seen outside of court is not evidence, and that they should decide
the case solely on the evidence received at the trial. The court will remind the jury of this
instruction at regular intervals throughout the trial.

   In sum, the court finds no basis to terminate or continue the trial due unrelated publicity.
Nor is a new trial warranted. Accordingly, Facebook's Motion for Mistrial and/or Adjournment
and Continuance is DENIED.

**IT IS SO ORDERED.**

Dated: April 5, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:15-cv-01370-EJD
ORDER AFTER JURY TRIAL (DAY 2)
3