UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

BLADEROOM GROUP LIMITED, et al.,

Plaintiffs,

v.

EMERSON ELECTRIC CO, et al.,

Defendants.

Case No.  5:15-cv-01370-EJD

**ORDER GRANTING DEFENDANTS'
MOTION TO CLARIFY**

Re: Dkt. No. 775

Emerson moves for clarification of the order granting in part and denying in part Plaintiffs'
Motion in Limine No. 8.  Dkt. No. 775.

## I.     BACKGROUND

### A.     Emerson's Interrogatory Responses

Plaintiffs served special interrogatories on Emerson during discovery.  Interrogatory No.
20 asked Emerson to "[i]dentify each defense, if any, you assert against Plaintiffs'
misappropriation of trade secrets claim and any facts, documents, or witnesses that support or
contradict each identified defense."  Dkt. No. 365, at Exs. 64-66.

Emerson provided initial and supplemental responses.  Among its objections, Emerson
noted that it interpreted "the phrase 'defense' to mean affirmative defenses."  It then identified
"Readily Ascertainable/Fair Use/Justification" as a defense.  Additionally, Emerson identified the
following witnesses between its two responses: David Gerhart, Eric Wilcox, Denis Rancic, Viktor
Petik, and the "Emerson Croatia Team," which includes Stjepan Sinkovic.

### B.     Motion in Limine No. 8

Plaintiffs sought through Motion in Limine No. 8 to preclude certain Emerson witnesses

from testifying at trial.  Dkt. No. 610.  As relevant here, Plaintiffs argued that Emerson failed to disclose witnesses other than Gerhart, Wilcox, Rancic, Petik, and Sinkovic to support an Independent Development/Fair Use/Justification defense.  Plaintiffs also argued that Jason Gloekner, Lorenz Hofmann, John Hoeffner, Richard Jamison, David Klusas, Steve Madara and Craig Shores should not be permitted to testify at all.

In its ruling on the motion, the court agreed with Plaintiffs' position that Emerson failed to adequately disclose other witnesses for an Independent Development/Fair Use/Justification defense, and issued an exclusion order under Federal Rule of Civil Procedure 37.  Dkt. No. 737. The court also found that Gloekner and Jamison should be excluded because Emerson failed to properly identify them in Rule 26 disclosures.  The court denied the motion as to Hofman, Hoeffner, Klusas, Madara and Shores, however, because Emerson listed those witnesses in supplemental disclosures.

## II.    LEGAL STANDARD

"A court may clarify its order for any reason."  Wahl v. Am. Sec. Ins. Co., No. C 08-0555 RS, 2010 WL 2867130, at *3 (N.D. Cal. July 20, 2010).  This type of request "invite[s] interpretation, which trial courts are often asked to supply, for the guidance of the parties." Bordallo v. Reyes, 763 F.2d 1098, 1102 (9th Cir. 1985).

The clarification of limine rulings is a particularly crucial exercise given their importance to the evidentiary record at trial.  See Luce v. United States, 469 U.S. 38, 40 n.2 (1984) (defining in limine motions as "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered").  Moreover, "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling."  Id. at 41-42.

## III.    DISCUSSION

Emerson argues the ruling on Motion in Limine No. 8 is a narrow one, such that it does not prevent testimony from witnesses other than Gerhart, Wilcox, Rancic, Petik, and Sinkovic to show that Emerson developed a different data center structure and cooling solution for Lulea 2 without

using Plaintiffs' trade secrets. The requested clarification is warranted.

Under CUTSA, Plaintiffs must prove (1) they owned a trade secret, (2) Emerson acquired, disclosed, or used their trade secret through improper means, and (3) Emerson's actions damaged Plaintiffs. Cytodyn, Inc. v. Amerimmune Pharms., Inc., 160 Cal. App. 4th 288, 297 (2008). For the second element, "improper means" includes "theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means" but excludes "[r]everse engineering or independent derivation alone." Cal. Civ. Code § 3426.1(a). The burden of proof (which is synonymous with the burden of persuasion) on the elements of trade secret misappropriation does not shift during trial; it remains with Plaintiffs at all times. Sargent Fletcher, Inc. v. Able Corp., 110 Cal. App. 4th 1658, 1667 (2003).

If Plaintiffs produce sufficient evidence to make out a prima facie misappropriation claim, the *burden of producing evidence* - not the *burden of proof* - shifts to Emerson to refute Plaintiffs' prima facie case. Id. at 1668. Despite the shift, Emerson can choose not to offer any counter-evidence because Plaintiffs are still obligated to persuade the jury. Id. at 1667-68 (describing the burden of proof, also known as the burden of persuasion, as "the notion that if the evidence if evenly balanced, the party that bears the burden of persuasion must lose"). But if Emerson chooses to submit counter-evidence, it can refute Plaintiffs' prima facie case by showing it independently derived its own data center technology, without use of Plaintiffs' trade secrets. Id. at 1669.

Independent derivation under CUTSA, therefore, is not an affirmative defense and a "defendant does not have a 'burden of proof' to make that showing." Id. The California Court of Appeal has explained:

> [T]he two claims (improper use and denial of such use) are opposite sides of the same coin. The plaintiff's proof that another party used plaintiff's trade secret, to which another party gained access . . . and that the party's identical or similar product incorporates the same design, is a prima facie showing that the party did not independently derive or reverse engineer the product. Evidence of independent derivation . . . directly refutes the element of use through improper means. Thus, a party that claims it independently derived . . . a component does not introduce 'new matter' or an affirmative

defense, but a traverse.

Id. at 1669-70.

This distinction between an Independent Development/Fair Use/Justification affirmative defense, on which Emerson would have the *burden of proof*, and a theory of non-use directly refuting Plaintiffs' misappropriation claim, on which Emerson has the *burden of producing evidence*, makes a difference for this motion. The two concepts exist independently under California law. Emerson's responses to Special Interrogatory No. 20 only provided information about affirmatives defenses, and there is no evidence Plaintiffs took action during the discovery period to demonstrate a different understanding of its own interrogatory. Since the ruling on Motion in Limine No. 8 was based on an examination of Emerson's interrogatory responses, it must reflect the same limitation: the exclusion of witnesses other than Gerhart, Wilcox, Rancic, Petik, and Sinkovic applies only to an Independent Development/Fair Use/Justification affirmative defense, not to a responsive theory of non-use.

Plaintiffs' arguments in response to the Motion to Clarify do not persuade the court otherwise. They cite Garter-Bare Company v. Munsingwear Inc., 723 F.2d 707 (9th Cir. 1984), for the proposition that the burden of proof shifts to the defendant to show non-use, whether or not that theory is presented as an affirmative defense. But Garter-Bare does not actually say that. Rather than conducting a thorough analysis of burdens, the Garter-Bare court merely noted the burden shifted to the defendant once the plaintiff successfully established a prima facie case. Garter-Bare, therefore, is not inconsistent with the discussion recited above.

Nor does UniRAM Technology, Inc v. Taiwan Semiconductor Manufacturing Company, No. C-04-1268 VRW, 2007 WL 2572223 (N.D. Cal. Sept. 5, 2007), assist Plaintiffs. There, the exclusion of a fact witness was justified because his identity was not disclosed until after the close of discovery. No similar issue is presented here. As far as the court understands the issue, Emerson does not propose to present the testimony of witnesses who were never disclosed in this case.

Finally, Plaintiffs' characterization of the non-use theory as a significant change to this

action rings hollow. Emerson's response to Special Interrogatory No. 20 incorporated the following statement: "[Emerson] disputes that Plaintiffs can satisfy their burden of proof with respect to each and every element of their claim for misappropriation of trade secrets." Plaintiffs were therefore notified well before trial that Emerson intended to challenge their ability to satisfy the burden of proof. And since § 3426.1(a) lists only two exclusions to the definition of "improper means," how Emerson might go about doing so is not a great mystery.

Accordingly, Emerson's Motion to Clarify (Dkt. No. 775) is GRANTED, and the ruling on Motion in Limine No. 8 is clarified according to the preceding discussion.

**IT IS SO ORDERED.**

Dated:

_____
EDWARD J. DAVILA
United States District Judge