UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

BLADEROOM GROUP LIMITED, et al.,

    Plaintiffs,

v.

EMERSON ELECTRIC CO., et al.,

    Defendants.

Case No. 5:15-cv-01370-EJD

**ORDER AFTER JURY TRIAL (DAY 9)**

## I. DEPOSITION DESIGNATIONS AND COUNTER-DESIGNATIONS

Federal Rule of Evidence 106 describes what is commonly known as the rule of completeness: "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part -or any other writing or recorded statement - that in fairness ought to be considered at the same time." This rule seeks to undermine "the misleading impression created by taking matters out of context." Fed. R. Evid. 106 advisory committee's note.

Applying the rule of completeness, the court rules as follows on the deposition counter-designations:

### A. Deposition of Donald S. Barbour (June 6, 2017)

| | |
|---|---|
| Designation 208:16-209:14 | The proposed counter-designation from 209:14-24 will be permitted for completeness. |
| | The remainder of the proposed counter-designation is not necessary for completeness. |

### B. Rule 30(b)(6) Deposition of David Gerhart (July 11, 2017)

| | |
|---|---|
| Designation 431:16-21 | The proposed counter-designation is not necessary for completeness. |

Case No.: 5:15-cv-01370-EJD
ORDER AFTER JURY TRIAL (DAY 9)

1

| Designation 630:21-631:1 | The entirety of the proposed counter-designation will be permitted for completeness. |

### C. Deposition of David Gerhart (January 13, 2017)

| Designation 33:2-17 | The proposed counter-designation will be permitted from 33:18-34:7 for completeness. |
| --- | --- |
| | The remainder of the proposed counter-designation is not necessary for completeness. |
| Designation 43:9-44:1 | The entirety of the proposed counter-designation will be permitted for completeness. |
| Designation 192:16-194:4 | The entirety of the proposed counter-designation will be permitted for completeness. |
| Designation 219:3-219:21 | The proposed counter-designation will be permitted from 221:10-18 for completeness. |
| | The remainder of the proposed counter-designation is not necessary for completeness. |
| Designation 225:14-24 | The proposed counter-designation will be permitted from 226:5-8 through the word "no" for completeness. |
| | The remainder of the proposed counter-designation is not necessary for completeness. |
| Designation 284:15-285:19 | The proposed counter-designation will be permitted from 285:20-286:6 for completeness. |
| | The remainder of the proposed counter-designation is not necessary for completeness. |

### D. Deposition of Denis Rancic (May 31, 2017)

| Designation 97:6-8 | Plaintiffs' designation only includes a question, and the information provided to the court does not include a proposed counter-designation. |

Case No.: 5:15-cv-01370-EJD
ORDER AFTER JURY TRIAL (DAY 9)

2

| | To the extent the proposed counter-designation captures the answer to the designated question, it will be permitted for completeness. |
|---|---|

## II. TESTIMONY OF ERIC WILCOX

Emerson objects to Plaintiffs' examination of Eric Wilcox, to the extent Plaintiffs intend to ask Wilcox about certain aspects of the design and construction of Lulea 2. Emerson argues that though Wilcox is an expert on the product Emerson delivered at Lulea 2, he is not an expert on Plaintiffs' trade secrets. Thus, Emerson believes it is unfair to allow Plaintiffs to question Wilcox about attributes of Lulea 2, such as whether the data center has a "ceiling," without permitting Wilcox to review Plaintiffs' trade secrets or to compare Lulea 2 to Plaintiffs' trade secrets. According to Emerson, Wilcox has no context for the questions about Lulea 2, has no knowledge of any special definitions attributable to Plaintiffs' trade secrets, and will not appreciate the significance of his responses.

Under the California Uniform Trade Secrets Act, "misappropriation" includes the "[a]cquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means," as well as the "[d]isclosure or use of a trade secret of another without express or implied consent" by a person who acquired the trade secret through improper means. Cal. Civ. Code § 3426.1(b); Silvaco Data Sys. v. Intel Corp., 184 Cal. App. 4th 210, 222 (2010). For a use to be unauthorized, it "need not extend to every aspect or feature of the trade secret; use of any substantial portion of the secret is sufficient to subject the actor to liability." Restatement (Third) of Unfair Competition § 40 cmt. c (1995). Furthermore, "the actor need not use the trade secret in its original form." Id. Instead, "an actor is liable for using the trade secret with independently created improvements or modifications if the result is substantially derived from the trade secret." Id.; accord Mangren Res. & Dev. Corp. v. Nat'l Chem. Co., Inc., 87 F.3d 937, 944 (7th Cir. 1996) ("[I]f trade secret law were not flexible enough to encompass modified or even new products that are substantially derived from the trade secret of another, the protections that law provides would be hollow indeed.").

Under this standard, Plaintiffs must present evidence detailing the relevant attributes of

Case No.: 5:15-cv-01370-EJD
ORDER AFTER JURY TRIAL (DAY 9)

3

Lulea 2 in order for the jury to determine whether it was "substantially derived" from Plaintiffs' trade secrets. It is proper for Plaintiffs to present this information through Wilcox since he is Emerson's Rule 30(b)(6) witness on the Lulea 2 product. Wilcox does not need to be aware of or understand Plaintiffs' trade secrets to testify about this topic in light of his expertise.

Nor is the court persuaded that Plaintiffs' proposed examination is unfair unless Wilcox can review or compare Plaintiffs' trade secrets. During its examination of Wilcox, Emerson can question him about his understanding of any particular terms, such as the word "ceiling." Emerson can also examine Wilcox on the functionalities of Lulea 2's attributes if Emerson believes those functionalities are distinct from Plaintiffs' trade secrets.

Accordingly, Emerson's objection to Plaintiffs' examination of Eric Wilcox is OVERRULED.

## III. EXHIBITS

Plaintiffs object to the introduction of certain documents for a particular purpose because Emerson did not reference these documents in response to an interrogatory. Plaintiffs argue Emerson should be precluded under Federal Rule of Civil Procedure 37(c)(1) from admitting the documents for the purpose Emerson proposes.

Federal Rule of Civil Procedure 26(e) requires parties to supplement or correct disclosures or discovery responses unless "the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." In turn, Federal Rule of Civil Procedure 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Once a Rule 26 violation is shown, the exclusion of evidence is "automatic and mandatory" (Finley v. Marathon Oil Co., 75 F.3d 1225, 1230 (7th Cir. 1996); Goodman v. Staples the Office Superstore, LLC, 644 F.3d 817, 827 (9th Cir. 2011)), unless the party facing sanctions proves "that its failure to disclose the required information was substantially justified or is harmless." R&R Sails, Inc. v. Ins. Co. of the State of Pa., 673 F.3d 1240, 1246 (9th

Cir. 2012).

Here, the court does not find that Emerson's response to Special Interrogatory No. 22 violates Rule 26. Special Interrogatory No. 22 states:

> If you contend that you developed the design and construction methods used for the Phase 2, Lulea data center, either individually or in combination with others, identify all documents evidencing such development and three individuals knowledgeable about such development.

Dkt. No. 674, at Ex. A.

Emerson responded to Special Interrogatory No. 22 subject to objections, including an objection stating the interrogatory is vague, overbroad and unduly burdensome. Id.

From this record, it is apparent Plaintiffs received Emerson's response knowing it was subject to objections, but took no action during discovery to meet and confer on the objections or to compel a further response if Plaintiffs believed the Special Interrogatory No. 22 was not overbroad or vague. It was Plaintiffs' burden to obtain an order overruling the objections, but they did not do so. Harrison v. Adams, No. 1:08-cv-1065-AWI-MJS (PC), 2014 WL 4081417, at *2 (E.D. Cal. Aug. 19, 2014). Emerson, therefore, did not violate Rule 26 when it responded, subject to objections, which Plaintiffs accepted without further comment.

In any event, the court would not impose a Rule 37 sanction on Emerson for its lack of disclosure even if it violated Rule 26. Emerson's conduct was substantially justified because Special Interrogatory No. 22 is, in fact, overbroad and unduly burdensome in its call for "all documents" evidencing the development of Lulea 2. Emerson's conduct was also harmless because the documents at issue were produced to Plaintiffs during discovery, albeit through a different mechanism.

Plaintiffs' request to limit Emerson's use of certain documents is therefore DENIED.

**IT IS SO ORDERED.**

Dated: April 23, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:15-cv-01370-EJD
ORDER AFTER JURY TRIAL (DAY 9)

5