UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BLADEROOM GROUP LIMITED, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EMERSON ELECTRIC CO., et al.,<br><br>Defendants. | Case No.  5:15-cv-01370-EJD<br><br>**FINAL JURY INSTRUCTIONS** |

**IT IS SO ORDERED.**

Dated:

_____
EDWARD J. DAVILA
United States District Judge

**Jury Instruction No. 1**

**DUTY OF THE JURY**

Members of the Jury:  Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

Each of you will receive a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

United States District Court
Northern District of California

Case No.: 5:15-cv-01370-EJD
FINAL JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**Jury Instruction No. 2**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**Jury Instruction No. 3**

**BURDEN OF PROOF – CLEAR AND CONVINCING EVIDENCE**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

1

**Jury Instruction No. 4**

2

**WHAT IS EVIDENCE**

3

The evidence you are to consider in deciding what the facts are consists of:

4

1.      the sworn testimony of any witness;

5

2.      the exhibits that are admitted into evidence;

6

3.      any facts to which the lawyers have agreed; and

7

4.      any facts that I have instructed you to accept as proved.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.: 5:15-cv-01370-EJD
FINAL JURY INSTRUCTIONS

United States District Court
Northern District of California

### Jury Instruction No. 5

### WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.     Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4.     Anything you have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Case No.: 5:15-cv-01370-EJD
FINAL JURY INSTRUCTIONS

6

**Jury Instruction No. 6**

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence was admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

United States District Court
Northern District of California

**Jury Instruction No. 7**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**Jury Instruction No. 8**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overruled an objection, the question was answered or the exhibit was received. If I sustained the objection, the question was not answered, and the exhibit was not received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

I may have ordered evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### Jury Instruction No. 9

### CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.      the opportunity and ability of the witness to see or hear or know the things testified to;

2.      the witness's memory;

3.      the witness's manner while testifying;

4.      the witness's interest in the outcome of the case, if any;

5.      the witness's bias or prejudice, if any;

6.      whether other evidence contradicted the witness's testimony;

7.      the reasonableness of the witness's testimony in light of all the evidence; and

8.      any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Jury Instruction No. 10**

**PUBLICITY DURING TRIAL**

  If there is any news media account or commentary about the case or anything to do with it, you must ignore it.  You must not read, watch or listen to any news media account or commentary about the case or anything to do with it.  The case must be decided by you solely and exclusively on the evidence that was received in the case and on my instructions as to the law that applies.  If any juror is exposed to any outside information, please notify me immediately.

**Jury Instruction No. 11**

**TAKING NOTES**

You may have taken notes to help you remember the evidence.  Whether or not you took notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

United States District Court
Northern District of California

**Jury Instruction No. 12**

**OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

1

2

**Jury Instruction No. 13**

**USE OF INTERROGATORIES**

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

1   **Jury Instruction No. 14**

2   **USE OF REQUESTS FOR ADMISSION**

3          Evidence was presented to you in the form of admissions to the truth of certain facts. These

4   admissions were given in writing before the trial, in response to requests that were submitted

5   under established court procedures. You must treat these facts as having been proved.

**Jury Instruction No. 15**

**EXPERT OPINION**

You have heard testimony from Michael Wagner and Brian Napper who testified to opinions and the reasons for their opinions.  This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Jury Instruction No. 16**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Jury Instruction No. 17**

**CHARTS AND SUMMARIES RECEIVED IN EVIDENCE**

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Jury Instruction No. 18**

**STIPULATIONS OF FACT**

The parties have agreed to certain facts that were read to you. You must therefore treat these facts as having been proved.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**Jury Instruction No. 19**

**DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Case No.: 5:15-cv-01370-EJD
FINAL JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Jury Instruction No. 20**

**CORPORATIONS AND PARTNERSHIPS – FAIR TREATMENT**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

**Jury Instruction No. 21**

**CORPORATE LIABILITY**

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**Jury Instruction No. 22**

**PARTY HAVING POWER TO PRODUCE BETTER EVIDENCE**

You may consider the ability of each party to provide evidence.  If a party provided weaker evidence when it could have provided stronger evidence, you may distrust the weaker evidence.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Jury Instruction No. 23**

**BREACH OF CONTRACT—INTRODUCTION**

BladeRoom claims that it entered into a contract known as the "Confidentiality Agreement" with Emerson.

BladeRoom claims that the Confidentiality Agreement with Emerson allowed Emerson to acquire BladeRoom's confidential information for certain purposes, and that the Emerson Confidentiality Agreement required Emerson to, among other obligations, keep BladeRoom's information confidential and not otherwise use or disclose it.

BladeRoom claims that Emerson breached the Confidentiality Agreement by disclosing and using BladeRoom's confidential information for purposes not allowed by the Confidentiality Agreement.

BladeRoom claims that Emerson's breach of the Confidentiality Agreement caused harm to BladeRoom for which Emerson should pay damages.

Emerson denies all of the above claims.

United States District Court
Northern District of California

**Jury Instruction No. 24**

**BREACH OF CONTRACT—ESSENTIAL FACTUAL ELEMENTS**

To recover damages from Emerson for breach of contract, BladeRoom must prove all of the following:

     1.    That BladeRoom and Emerson entered into a contract;

     2.    That Emerson received confidential information from BladeRoom under the contract;

     3.    That Emerson did something that the contract prohibited it from doing;

     4.    That BladeRoom was harmed; and

     5.    That Emerson's breach of contract was a substantial factor in causing BladeRoom's harm.

United States District Court
Northern District of California

1

2

**Jury Instruction No. 25**

**MISAPPROPRIATION OF TRADE SECRETS—INTRODUCTION**

BladeRoom claims that it is the owner or licensee of the methods and designs described in Court Exhibit 2.

BladeRoom claims that the methods and designs described in Court Exhibit 2 are trade secrets and that Emerson misappropriated them.

"Misappropriation" means the improper use or disclosure of the trade secrets.

BladeRoom also claims that Emerson's misappropriation caused BladeRoom harm and caused Emerson to be unjustly enriched.

Emerson denies that the methods and designs described in Court Exhibit 2 qualify as trade secrets, and denies that it improperly used or disclosed BladeRoom's trade secrets.

Emerson also claims that the designs and methods described in Court Exhibit 2 were readily ascertainable by proper means.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**Jury Instruction No. 26**

**MISAPPROPRIATION OF TRADE SECRETS – ESSENTIAL FACTUAL ELEMENTS**

BladeRoom claims that Emerson misappropriated trade secrets.  To succeed on this claim, BladeRoom must prove all of the following:

1.      That BladeRoom owned or was licensed the methods and designs described in Court Exhibit 2;

2.      That the methods and designs described in Court Exhibit 2 were trade secrets at the time of the misappropriation;

3.      That Emerson improperly used or disclosed the alleged trade secrets;

4.      That BladeRoom was harmed or Emerson was unjustly enriched; and

5.      That Emerson's use or disclosure was a substantial factor in causing BladeRoom's harm or Emerson to be unjustly enriched.

**Jury Instruction No. 27**

**"TRADE SECRET" DEFINED**

To prove that any of the methods and designs described in Court Exhibit 2 was a trade secret, BladeRoom must prove all of the following:

1.     That the method or design described in Court Exhibit 2 was secret;

2.     That the method or design described in Court Exhibit 2 had actual or potential independent economic value because it was secret; and

3.     That BladeRoom made reasonable efforts to keep the method or design described in Court Exhibit 2 secret.

United States District Court
Northern District of California

**Jury Instruction No. 28**

**SECRECY REQUIREMENT**

The secrecy required to prove that something is a trade secret does not have to be absolute in the sense that no one else in the world possesses the information. It may be disclosed to BladeRoom employees involved in the use of the trade secret as long as they are instructed to keep the information secret. It may also be disclosed to nonemployees if they are obligated to keep the information secret. However, it must not have been generally known to the public or to people who could obtain value from knowing it.

**Jury Instruction No. 29**

**REASONABLE EFFORTS TO PROTECT SECRECY**

To establish that its information is a trade secret, BladeRoom must prove that it made reasonable efforts under the circumstances to keep it secret.

"Reasonable efforts" are the efforts that would be made by a reasonable business in the same situation and having the same knowledge and resources as BladeRoom, exercising due care to protect important information of the same kind. This requirement applies separately to each item that BladeRoom claims to be a trade secret.

In determining whether or not BladeRoom made reasonable efforts to keep the information secret, you should consider all of the facts and circumstances. Among the factors you may consider are the following:

1.      Whether documents or computer files containing the information were marked with confidentiality warnings;

2.      Whether BladeRoom instructed its employees to treat the information as confidential;

3.      Whether BladeRoom restricted access to the information to persons who had a business reason to know the information;

4.      Whether BladeRoom kept the information in a restricted or secured area;

5.      Whether BladeRoom required employees or others with access to the information to sign confidentiality or nondisclosure agreements;

6.      Whether BladeRoom took any action to protect the specific information, or whether it relied on general measures taken to protect its business information or assets;

7.      The extent to which any general measures taken by BladeRoom would prevent the unauthorized disclosure of the information;

8.      Whether there were other reasonable measures available to BladeRoom that it did not take.

The presence or absence of any one or more of these factors is not necessarily determinative.

Case No.: 5:15-cv-01370-EJD
FINAL JURY INSTRUCTIONS

1

2

**Jury Instruction No. 30**

**"INDEPENDENT ECONOMIC VALUE" EXPLAINED**

3   A trade secret has independent economic value if it gives the owner an actual or potential

4   business advantage over others who do not know the information and who could obtain economic

5   value from its disclosure or use.

6   In determining whether information had actual or potential independent economic value

7   because it was a secret, you may consider the following:

8   1.      The extent to which BladeRoom obtained or could obtain economic value from the

9   information in keeping it secret;

10   2.      The extent to which others could obtain economic value from the information if it

11   were not secret;

12   3.      The amount of time, money, or labor that BladeRoom expended in developing the

13   information;

14   4.      The amount of time, money, or labor that was or would be saved by a competitor

15   using the information.

16   The presence or absence of any one or more of these factors is not necessarily

17   determinative.

18

19

20

21

22

23

24

25

26

27

28   Case No.: 5:15-cv-01370-EJD
FINAL JURY INSTRUCTIONS

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Jury Instruction No. 31**

**"COMBINATION TRADE SECRETS" DEFINED**

BladeRoom asserts Combination Trade Secrets as described in Court Exhibit 2.

A unique combination of characteristics or components can constitute a Combination Trade Secret if the unified process or design is not is not generally known to the public or to people who could obtain value from knowing it and affords an actual or potential competitive advantage to persons possessing the information.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Jury Instruction No. 32**

**IMPROPER MEANS OF ACQUIRING TRADE SECRET**

Improper means of acquiring a trade secret or knowledge of a trade secret include, but are not limited to, theft, misrepresentation, or breach of a duty to maintain secrecy.

**Jury Instruction No. 33**

**MISAPPROPRIATION BY USE**

Emerson misappropriated BladeRoom's trade secrets by use if it:

1.      Used them without BladeRoom's consent; and

2.      Did any of the following:

Acquired knowledge of the trade secrets by improper means; or

At the time of use, knew or had reason to know that its knowledge of BladeRoom's trade secrets came from or through Facebook, and that Facebook had previously acquired the trade secrets by improper means; or

At the time of use, knew or had reason to know that its knowledge of BladeRoom's trade secrets was acquired under circumstances creating a legal obligation to limit use of the information; or

At the time of use, knew or had reason to know that its knowledge of BladeRoom's trade secrets came from or through Facebook, and that Facebook had a duty to BladeRoom to limit use of the information.

1

**Jury Instruction No. 34**

2

**"USE" EXPLAINED**

3    A trade secret can be misappropriated by use if any substantial portion of the secret is used.

4 The use need not extend to every aspect or feature of the trade secret, and the trade secret need not

5 be used in its original form.

6    Using a trade secret with independently created improvements or modifications can

7 constitute misappropriation by use if the result is substantially derived from the trade secret.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**Jury Instruction No. 35**

**MISAPPROPRIATION BY DISCLOSURE**

Emerson misappropriated BladeRoom's trade secrets by disclosure if it:

1.      Disclosed them without BladeRoom's consent; and

2.      Did any of the following:

Acquired knowledge of the trade secrets by improper means; or

At the time of disclosure, knew or had reason to know that its knowledge of BladeRoom's trade secrets came from or through Facebook, and that Facebook had previously acquired the trade secrets by improper means; or

At the time of disclosure, knew or had reason to know that its knowledge of BladeRoom's trade secrets was acquired under a non-disclosure agreement, which created a duty to keep the information secret; or

At the time of disclosure, knew or had reason to know that its knowledge of BladeRoom's trade secrets came from or through Facebook, and that Facebook had a duty to BladeRoom to keep the information secret.

1

**Jury Instruction No. 36**

2

**AFFIRMATIVE DEFENSE – INFORMATION WAS READILY**

3

**ASCERTAINABLE BY PROPER MEANS**

4   Emerson did not misappropriate BladeRoom's trade secrets if Emerson proves that the

5   methods and designs described in Court Exhibit 2 were readily ascertainable by proper means at

6   the time of the alleged acquisition, use, or disclosure.

7   There is no fixed standard for determining what is "readily ascertainable by proper means."

8   In general, information is readily ascertainable if it can be obtained, discovered, developed, or

9   compiled without significant difficulty, effort, or expense.  Information is readily ascertainable if it

10  is generally known to or readily ascertainable by business competitors or others in the industry.

11  Thus, for example, information is readily ascertainable if it is available in trade journals, reference

12  books, or published materials.  On the other hand, the more difficult information is to obtain, and

13  the more time and resources that must be expended in gathering it, the less likely it is that the

14  information is readily ascertainable by proper means.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Jury Instruction No. 37**

**CAUSATION: SUBSTANTIAL FACTOR**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## Jury Instruction No. 38

## DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for BladeRoom on its claim for misappropriation of trade secrets or its claim for breach of contract, you must determine BladeRoom's damages.  BladeRoom has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate BladeRoom for any injury you find was caused by Emerson.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### Jury Instruction No. 39

### INTRODUCTION TO DAMAGES FOR BREACH OF CONTRACT AND

### MISAPPROPRIATION OF TRADE SECRETS

If BladeRoom proves that Emerson breached the Confidentiality Agreement or misappropriated any of its trade secrets, then BladeRoom may recover damages if the misappropriation or breach caused BladeRoom to suffer actual loss or caused Emerson to be unjustly enriched.

For breach of contract, BladeRoom must prove that when the Confidentiality Agreement was made, both parties knew or could reasonably have foreseen that the harm was likely to occur in the ordinary course of events as result of the breach of the contract.

For misappropriation of trade secrets, the amount of damages must include an award for the harm caused by Emerson's wrongful conduct, even if the particular harm could not have been anticipated. If Emerson's misappropriation did not cause BladeRoom to suffer an actual loss or to be unjustly enriched, BladeRoom may still be entitled to a reasonable royalty for not longer than the period of time the use could have been prohibited. However, I will calculate the amount of the royalty.

BladeRoom must also prove the amount of its damages according to the following instructions. BladeRoom does not have to prove the exact amount of damages for either claim. You must not speculate or guess in awarding damages.

BladeRoom claims damages for its lost profits and for unjust enrichment obtained by Emerson.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Jury Instruction No. 40**

**LOST PROFITS—NO PROFITS EARNED**

To recover damages for lost profits, BladeRoom must prove it is reasonably certain it would have earned profits but for Emerson's conduct.

To decide the amount of damages for lost profits you must determine the gross, or total, amount BladeRoom would have received but for Emerson's conduct and then subtract from that amount the costs, including the value of the labor, materials, royalties, incremental operating expenses, transportation costs, and interest on loans that BladeRoom would have had if Emerson's conduct had not occurred.

You do not have to calculate the amount of the lost profits with mathematical precision, but there must be a reasonable basis for computing the loss.

1

2

**Jury Instruction No. 41**

**UNJUST ENRICHMENT**

3      Emerson was unjustly enriched if its breach of the Confidentiality Agreement or its

4  misappropriation of BladeRoom's trade secrets caused Emerson to receive a benefit that it would

5  not have achieved.

6      To decide the amount of any unjust enrichment, first determine the value of Emerson's

7  benefit that would not have been achieved except for its misappropriation of BladeRoom's trade

8  secrets or its breach of the Confidentiality Agreement.  Then subtract from that amount the value

9  of any benefit Emerson has proven by a preponderance of the evidence is not attributable to

10  BladeRoom's trade secrets, as well as Emerson's reasonable expenses, including the value of

11  labor, materials, rents, expenses, and interest on invested capital.

12      In calculating the amount of any unjust enrichment, do not take into account any amount

13  that you included in determining any amount of damages for BladeRoom's actual loss.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Jury Instruction No. 42**

**PUNITIVE DAMAGES FOR WILLFUL AND MALICIOUS MISAPPROPRIATION**

If you decide that Emerson's misappropriation of trade secrets caused BladeRoom harm, you must decide whether Emerson's conduct justifies an award of punitive damages.  The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed BladeRoom and to discourage similar conduct in the future.

In order to recover punitive damages, BladeRoom must prove by clear and convincing evidence that Emerson acted willfully and maliciously. You must determine whether Emerson acted willfully and maliciously, but you will not be asked to determine the amount of any punitive damages.  I will calculate the amount later.

"Willfully" means that Emerson acted with a purpose or willingness to commit the act or engage in the conduct in question, and the conduct was not reasonable under the circumstances at the time and was not undertaken in good faith.

"Maliciously" means that Emerson acted with an intent to cause injury, or that Emerson's conduct was despicable and was done with a willful and knowing disregard for the rights of others.

"Despicable conduct" is conduct so vile, base, or wretched that it would be looked down on and despised by ordinary decent people.  Emerson acted with knowing disregard if it was aware of the probable consequences of its conduct and deliberately failed to avoid those consequences.

Case No.: 5:15-cv-01370-EJD
FINAL JURY INSTRUCTIONS

44

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### Jury Instruction No. 43

### DAMAGES ON MULTIPLE LEGAL THEORIES

BladeRoom seeks damages from Emerson under more than one legal theory.  However, each item of damages may be awarded only once, regardless of the number of legal theories alleged.

1

2

**Jury Instruction No. 44**

**PREJUDGMENT INTEREST**

3       If you decide that BladeRoom is entitled to recover damages for past economic loss in one

4   or more of the categories of damages that they claim, then you must decide whether they should

5   also receive prejudgment interest on each item of loss in those categories. Prejudgment interest is

6   the amount of interest the law provides to a plaintiff to compensate for the loss of the ability to use

7   the funds. If prejudgment interest is awarded, it is computed from the date on which each loss was

8   incurred until the date on which you sign your verdict.

9   Whether BladeRoom should receive an award of prejudgment interest on all, some, or none of any

10  past economic damages that you may award is within your discretion. If you award these damages

11  to BladeRoom, you will be asked to address prejudgment interest in the total award on your

12  verdict form.

Case No.: 5:15-cv-01370-EJD
FINAL JURY INSTRUCTIONS
46

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**Jury Instruction No. 45**

**DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Case No.: 5:15-cv-01370-EJD
FINAL JURY INSTRUCTIONS

United States District Court
Northern District of California

**Jury Instruction No. 46**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

Case No.: 5:15-cv-01370-EJD
FINAL JURY INSTRUCTIONS

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Jury Instruction No. 47**

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.