UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BLADEROOM GROUP LIMITED, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EMERSON ELECTRIC CO., et al.,<br><br>Defendants. | Case No. 5:15-cv-01370-EJD<br><br>**ORDER RE: REASONING FOR PROPOSED FINAL JURY INSTRUCTIONS** |

The purpose of this order is to explain the reasoning behind the Final Jury Instructions proposed by the Court. Dkt. No. 827.

## I. LEGAL STANDARD

"Jury instructions must be formulated so that they fairly and adequately cover the issues presented, correctly state the law, and are not misleading." Chuman v. Wright , 76 F.3d 292, 294 (9th Cir. 1996). They are "designed to clarify issues for the jury and to educate the jury about what factors are probative on those issues." Spesco, Inc. v. Gen. Elec. Co., 719 F.2d 233, 239 (7th Cir. 1983).

The court may properly reject proposed jury instructions that fail to adhere to these rules. See, e.g, McGonigle v. Combs, 968 F.2d 810, 824 (9th Cir. 1992). In addition, the court may reject instructions "as argumentative if it emphasizes the testimony of one witness while disregarding other relevant evidence." Specsco, Inc., 719 F.2d at 239.

## II. DISCUSSION

Emerson has withdrawn its proposed Final Jury Instruction Nos. 27, 32, 34, 62 and 65 according to the notice filed on May 4, 2018. Dkt. No. 811. Emerson also withdrew its

Case No.: 5:15-cv-01370-EJD
ORDER RE: REASONING FOR PROPOSED FINAL JURY INSTRUCTIONS

1

proposed Final Jury Instruction No. 33 during the charging conference on May 4, 2018. Tr., Vol. at 3660:2-16. These instructions were not included in the proposed instructions filed by the court, and are not discussed further.

In addition, the court does not discuss instructions to which it made no or only minor revisions.

Considering those statements, the chart below summarizes the reasoning underlying the court's proposed Final Jury Instructions:

| COURT'S PROPOSED FINAL JURY INSTRUCTION | EXPLANATION |
|---|---|
| Jury Instruction No. 6 - Evidence for Limited Purpose | This instruction is based on the parties' proposed Jury Instruction No. 6, which corresponds to Ninth Circuit Model Instruction 1.11.<br><br>The parties' proposed instruction was modified from present to past tense and amended to account for its inclusion in final rather than preliminary instructions. |
| Jury Instruction No. 8 - Ruling on Objections | This instruction is based on the parties' proposed Jury Instruction No. 8, which corresponds to Ninth Circuit Model Instruction 1.13.<br><br>The parties' proposed instruction was modified from present to past tense and amended to account for its inclusion in final rather than preliminary instructions. |
| Jury Instruction No. 11 - Taking Notes | This instruction is based on the parties' proposed Jury Instruction No. 11, which corresponds to Ninth Circuit Model Instruction 1.18.<br><br>The parties' proposed instruction was modified from present to past tense and amended to account for its inclusion in final rather than preliminary instructions. |
| Jury Instruction No. 23 - Breach of Contract - Introduction | This instruction is based on Plaintiffs' proposed Jury Instruction No. 28, which corresponds to Judicial Council of California, Civil Jury Instruction ("CACI") 300.<br><br>Emerson notes in its objection that the Confidentiality Agreement between Plaintiffs and Emerson is governed by English law. This point is not disputed. Dkt. No. 814. However, Emerson has |

United States District Court
Northern District of California

| | | |
|---|---|---|
| | | not demonstrated that the law of breach of contract in California materially differs from the English common law.  The English authorities relied upon by Emerson - Halsbury's Laws of England, Vol. 22, ¶¶ 231 and 492; and Civil Procedure Rules Practice Direction 16, 7.3 - do not support a distinction.<br><br>Nor has the court uncovered through its own research any material difference between the two jurisdictions.  The court does observe, however, that the common law of England is the "rule of decision" in California "so far as it is not repugnant to or inconsistent" with the United States Constitution or the California Constitution.  Cal. Civ. Code § 22.2.  Given this statutory statement, a material difference is unlikely.<br><br>Moreover, the court finds Emerson's proposed Jury Instruction No. 28 is too detailed, includes statements better suited to the parties' arguments. |
| | Jury Instruction No. 24 - Breach of Contract - Essential Elements | This instruction is based on Plaintiffs' proposed Jury Instruction No. 29, which corresponds to Judicial Council of California, Civil Jury Instruction ("CACI") 303.  The court incorporates here the observation made above that there is no evidence distinction between the California law of breach of contract and the English common law.<br><br>The court does not find the element requiring the jury find that Emerson received confidential information under the contract is misleading or exaggerates its significance.  The jury must find that fact in order for it to find Emerson breached the Confidentiality Agreement.<br><br>Moreover, the court finds Emerson's proposed Jury Instruction No. 28 is unnecessarily detailed, includes statements better suited to the parties' arguments, is argumentative, and fails to reflect a decision already made in this case.  Emerson's proposed instruction requires the jury find that BladeRoom did all, or substantially all, of the significant things the agreement required it to do.  This requirement is inconsistent with the portion of the summary judgment ruling explaining why mutual non-disclosure agreements do not involve contingent obligations. Dkt. No. 493. |
| | Rejected Breach of Contract Instructions | The court declines to include Emerson's proposed Jury Instruction Nos. 30 and 31.<br><br>Proposed Jury Instruction No. 30 is argumentative.  Since the Confidentiality Agreement is in evidence, Emerson can argue any exclusion from liability it believes should apply.<br><br>Proposed Jury Instruction No. 31 is rejected for the reasons explained in the Order re: Application of English Law. Dkt. No. 814. |

Case No.: 5:15-cv-01370-EJD
ORDER RE: REASONING FOR PROPOSED FINAL JURY INSTRUCTIONS

3

| | | |
|---|---|---|
| | Jury Instruction No. 25 - Misappropriation of Trade Secrets - Introduction | This instruction is based on Plaintiffs' proposed Jury Instruction No. 35, which corresponds to Judicial Council of California, Civil Jury Instruction ("CACI") 4400. It has been modified to reference Court Exhibit 2.<br><br>The court finds Emerson's proposed Jury Instruction No. 35 is unnecessarily detailed and includes information that has not been placed in the public record. Dkt. No. 824. |
| | Jury Instruction No. 26 - Misappropriation of Trade Secrets - Essential Factual Elements | Both parties proposed different versions of an instruction corresponding to Judicial Council of California, Civil Jury Instruction ("CACI") 4401.<br><br>The court's proposed instruction is also based on CACI 4401. The guidance for use of CACI 4401 provides:<br><br>> In some cases, the mere acquisition of a trade secret, as distinguished from a related disclosure or use, will not result in damages and will only be relevant to injunctive relief. Because generally the jury should be instructed only on matters relevant to damage claims, do not select "acquired" in element 3 or "acquisition" in element 5 unless there is evidence that the acquisition resulted in damages, other than damages, other than damages from related disclosure or use.<br><br>The court has excluded the terms "acquired" and "acquisition" because the evidence does not show Plaintiffs suffered damages solely from acquisition, unrelated to subsequent disclosure or use. |
| | Jury Instruction No. 27 - "Trade Secret" Defined | Both parties proposed different versions of an instruction corresponding to Judicial Council of California, Civil Jury Instruction ("CACI") 4402.<br><br>The court's proposed instruction is also based on CACI 4402. It has been modified to reference Court Exhibit 2. |
| | Jury Instruction No. 31 - "Combination Trade Secrets" Defined | There is no standard jury instruction on Combination Trade Secrets. Both parties submitted different versions of this instruction.<br><br>The court's proposed instruction is based on United States v. Nosal, 844 F.3d 1024, 1042 (9th Cir. 2016) (citing Restatement |

| | |
|---|---|
| | (Third) of Unfair Competition § 39 cmt. f (1995); Comput. Care v. Serv. Sys. Enters., Inc., 982 F.2d 1063, 1074 (7th Cir. 1992)). |
| Jury Instruction No. 32 - Improper Means of Acquiring a Trade Secret | This instruction is based on Plaintiffs' proposed Jury Instruction No. 35, which corresponds to Judicial Council of California, Civil Jury Instruction ("CACI") 4408.<br><br>The court has included this proposed instruction because it provides a definition for a term used in the court's proposed Jury Instruction Nos. 33 and 35. |
| Jury Instruction No. 33 - Misappropriation by Use | Both parties proposed different versions of an instruction corresponding to Judicial Council of California, Civil Jury Instruction ("CACI") 4407.<br><br>The court's proposed instruction is also based on CACI 4407. It includes the phrase "[a]cquired knowledge of the trade secrets by improper means" because there is evidence in the record that Emerson improperly acquired Plaintiffs' alleged trade secrets independently of Facebook. |
| Jury Instruction No. 34 - "Use" Explained | There is no standard jury instruction on the definition of "use." Both parties submitted different versions of this instruction.<br><br>The court declines both parties' proposed instructions for different reasons. Plaintiffs' is unnecessarily detailed and includes statements not directly relevant to this case. Emerson's is misleading through its emphasis of "actual use" and is an incomplete statement of the law.<br><br>The court's proposed instruction is based on the summary judgment ruling. Dkt. No. 493. |
| Jury Instruction No. 35 - Misappropriation by Disclosure | Both parties proposed different versions of an instruction corresponding to Judicial Council of California, Civil Jury Instruction ("CACI") 4406.<br><br>The court's proposed instruction is also based on CACI 4406. It includes the phrase "[a]cquired knowledge of the trade secrets by improper means" because there is evidence in the record that Emerson improperly acquired Plaintiffs' alleged trade secrets independently of Facebook. |
| Jury Instruction No. 36 - Affirmative Defense - Information was Readily Ascertainable by Proper Means | Both parties proposed different versions of an instruction corresponding to Judicial Council of California, Civil Jury Instruction ("CACI") 4420.<br><br>The court's proposed instruction is also based on CACI 4420. It includes the phrase "acquisition, use, or disclosure" because |

| | | |
|---|---|---|
| | | evidence in the record could support that Emerson improperly acquired Plaintiffs' alleged trade secrets in conjunction with misappropriation by use or disclosure. |
| | Rejected Misappropriation of Trade Secrets Instructions | The court declines to include either of the parties' proposed Jury Instruction No. 49 or Emerson's proposed Jury Instruction No. 50.<br><br>Proposed Jury Instruction No. 49 repeats the court's Proposed Jury Instruction No. 39. Emphasis on damages for trade secret misappropriation is unnecessary.<br><br>Emerson's Proposed Jury Instruction No. 50 is argumentative and misleading. |
| | Rejected Conspiracy Instruction | The court declines to include Emerson's proposed Jury Instruction No. 52.<br><br>This instruction is inapplicable. Plaintiffs' have not asserted a cause of action for civil conspiracy. Nor do Plaintiffs seek to impose liability on Emerson for Facebook's misappropriation of trade secrets, which issue will not be submitted to the jury in any event. Moreover, the court's conspiracy finding was made solely for evidentiary purposes; that is, to determine whether the co-conspirator exception could apply to certain evidence. |
| | Rejected Unfair Competition Instruction | The court declines to include Plaintiffs' proposed Jury Instruction No. 53. There is no right to a jury trial for violations of the Unfair Competition Law. |
| | Jury Instruction No. 37 - Causation: Substantial Factor | This instruction is based on Plaintiffs' proposed Jury Instruction No. 54, which corresponds to Judicial Council of California, Civil Jury Instruction ("CACI") 430. The court has included a portion of the standard instruction excluded by Plaintiffs' proposed version.<br><br>The court declines Emerson's proposed language defining a "dominant factor" in light of the court's determination there is no material difference between the law of breach of contract in California and the English common law. |
| | Rejected Causation Instruction | The court declines to include Emerson's proposed Jury Instruction No. 55. The proposed instruction is argumentative in its emphasis of a choice of contractors. Emerson can instead argue this point. |
| | Jury Instruction No. 38 - Damages - Proof | This instruction is based on Emerson's proposed Jury Instruction No. 59, corresponding to Ninth Circuit Model Instruction 5.1. |

| | |
|---|---|
| Jury Instruction No. 39 - Introduction to Damages for Breach of Contract or Misappropriation of Trade Secrets | This instruction is based on Plaintiffs' proposed Jury Instruction No. 56, which corresponds to Judicial Council of California, Civil Jury Instruction ("CACI") 350, 3900 and 4409.<br><br>The court has reviewed the parties' submissions in response to the Order re: Application of English Law. Dkt. Nos. 816, 817. The court finds the Confidentiality Agreement should be construed in the manner advocated by Plaintiffs. See Chitty on Contracts 932 (21st ed. 1955) ("The cardinal presumption is that the words of the agreement mean what the parties have in fact said, so that their words must be construed as they stand. That is to say the meaning of the document or of a particular part of it is to be sought in the document itself: '[o]ne must consider the meaning of the words used, not what one may guess to be the intention of the parties".). Accordingly, the damages available for the breach of contract and misappropriation claims are co-extensive. |
| Jury Instruction No. 41 - Unjust Enrichment | Both parties proposed different versions of an instruction corresponding to Judicial Council of California, Civil Jury Instruction ("CACI") 4410.<br><br>The court's proposed instruction is also based on CACI 4416. It includes the phrase "[t]hen subtract from that amount the value of any benefit Emerson has proven by a preponderance of the evidence is not attributable to BladeRoom's trade secrets" to comport with the Restatement (Third) of Unfair Competition § 45 cmt. f (1995) ("The plaintiff bears the burden of establishing the defendant's sales; the defendant bears the burden of establishing any portion of the sales not attributable to the trade secret and any expenses to be deducted in determining net profits."). |
| Jury Instruction No. 43 - Damages on Multiple Legal Theories | This instruction is based on Emerson's proposed Jury Instruction No. 67, which corresponds to Judicial Council of California, Civil Jury Instruction ("CACI") 3934.<br><br>The guidance for use of CACI 3934 provides:<br><br>It is not necessary to give this instruction if the same damages are recoverable on all causes of action, counts, or legal theories, although giving only the opening paragraph might be appropriate.<br><br>The court finds the opening paragraph appropriate here. Plaintiffs' proposed counter-instruction (Dkt. No. 812) fails to emphasize the importance of the rule against double recovery reflected by CACI 3934. |
| Rejected Damages Instructions | The court declines to include Emerson's proposed Jury Instructions No. 64 and 66. |

Case No.: 5:15-cv-01370-EJD
ORDER RE: REASONING FOR PROPOSED FINAL JURY INSTRUCTIONS

7

Proposed Instruction No. 64 is not an accurate reflection of either California law or Plaintiffs' theory, as the court has previously explained:

> It is true that under CUTSA, damages claimed for actual loss or unjust enrichment must be caused by the misappropriation alleged. Cal. Civ. Code § 3426.3. This portion of CUTSA does not require, however, that an expert assign damages amongst the trade secrets for his or her opinion to be admissible. Nor must an expert provide separate estimations of misappropriation and breach of contract damages for an opinion to assist the jury. Wagner's opinion that the misappropriation and breach claims could result in the same losses is consistent with the applicable law. See Ajaxo Inc. v. E*Trade Grp., Inc., 135 Cal. App. 4th 21, 55-57 (2006); see also Sargon Enters., Inc. v. Univ. of S. Cal., 55 Cal. 4th 747, 773-74 (2012).

Dkt. No. 738

Proposed Instruction No. 66 is repetitive of the court's Proposed Instruction No. 5.

**IT IS SO ORDERED.**

Dated: May 7, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:15-cv-01370-EJD
ORDER RE: REASONING FOR PROPOSED FINAL JURY INSTRUCTIONS

8