Stephanie P. Skaff (State Bar No. 183119)
  sskaff@fbm.com
Jeffrey M. Fisher (State Bar No. 155284)
  jfisher@fbm.com
Eugene Y. Mar (State Bar No. 227071)
  emar@fbm.com
Erik C. Olson (State Bar No. 260452)
  eolson@fbm.com
Alex Reese (State Bar No. 280530)
  areese@fbm.com
Julia F. Kropp (State Bar No. 298363)
  jkropp@fbm.com

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Plaintiffs BLADEROOM GROUP
LIMITED and BRIPCO (UK) LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| BLADEROOM GROUP LIMITED, et al.,<br><br>    Plaintiffs,<br><br>  vs.<br><br>FACEBOOK, INC., et al.,<br><br>    Defendants. | Case No. 5:15-cv-01370-EJD<br><br>**PLAINTIFFS' RESPONSE TO THE COURT'S FINAL JURY INSTRUCTIONS [DKT #827]**<br><br>Judge:  Hon. Hon. Edward J. Davila<br>Crtrm.: 4 (5th Floor) |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

PLAINTIFFS' RESPONSE RE
FINAL JURY INSTRUCTIONS
Case No. 5:15-cv-01370-EJD

30692\6668630.1

Pursuant to the Court's Order re Jury Instructions, Plaintiffs submit the following two comments and requests for modification of the Court's Proposed Final Jury Instructions.[1]

### A. **Plaintiffs' Request for Modification of Jury Instruction No. 31**

Plaintiffs respectfully request modification of Final Jury Instruction No. 31 to incorporate the essential principle, expressed in the cases relied on by the Court for this instruction, *that some or all of the individual elements of a combination trade secret may be in the public domain or generally known, as long as the combination as a whole is not generally known to the public or to people who could obtain value from knowing it*.

The Court's Jury Instruction No. 31 reads as follows:

> BladeRoom asserts Combination Trade Secrets as described in Court Exhibit 2.
>
> A unique combination of characteristics or components can constitute a Combination Trade Secret if the unified process or design is not is not [sic] generally known to the public or to people who could obtain value from knowing it and affords an actual or potential competitive advantage to persons possessing the information.

Plaintiffs request that the instruction be modified as follows:

> A unique combination of characteristics or components can constitute <u>a trade secret, even if some or all of the individual elements are in the public domain or well-known to others</u>, if the unified process or design is not generally known to the public or to people who could obtain value from knowing it and affords an actual or potential competitive advantage to persons possessing the information.

The requested modification comes directly from the governing case law relied on by the Court for Jury Instruction No. 31. In <u>United States v. Nosal</u>, 844 F.3d 1024, 104 (9th Cir. 2016), the court explained:

> [I]t is the **secrecy of the claimed trade secret as a whole that is determinative. The fact that some or all of the components of the trade secret are well-known does not preclude protection for a secret combination**, compilation, or integration of the individual elements.... [T]he theoretical possibility of reconstructing the secret from published materials containing scattered references

---

[1] As recognized by the Court in its Final Proposed Jury Instructions (Dkt. No. 827-1) and Order Re: Reasoning for Proposed Final Jury Instructions (Dkt. No. 829), Plaintiffs do not waive any objections, arguments and comments previously made in connection with the Parties' [Proposed] Jury Instructions (Dkt. No. 798). Plaintiffs also respectfully request the opportunity to object to and/or comment on any additional form or legal issues raised by the Court's final proposed jury verdict form.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

PLAINTIFFS' RESPONSE RE
FINAL JURY INSTRUCTIONS
Case No. 5:15-cv-01370-EJD

1

30692\6668630.1

to portions of the information or of extracting it from public materials unlikely to come to the attention of the appropriator will not preclude relief against the wrongful conduct...

Restatement (Third) of Unfair Competition § 39 cmt. f (1995); *see also Computer Care v. Serv. Sys. Enters., Inc.,* 982 F.2d 1063, 1074 (7th Cir. 1992) ("A trade secret can exist in a combination of characteristics and components, **each of which, by itself, is in the public domain**, but the unified process design and operation of which in unique combination affords a competitive advantage and is a protectable trade secret" (internal citation omitted)); *Boeing Co. v. Sierracin Corp.,* 108 Wn.2d 38, 738 P.2d 665, 675 (1987) (holding that "**trade secrets frequently contain elements that by themselves may be in the public domain** but together qualify as trade secrets").

Without including the critical instruction on the law that the "some or all of the components" of the combination trade secret may be "well-known" or "in the public domain," the instruction is not only incomplete but fails to provide the essential legal guidance necessary for the jury to properly evaluate the asserted combination trade secrets against the required "secrecy" element.  Accordingly, Plaintiffs respectfully request that the instruction be given with the modification Plaintiffs propose.

B. **Plaintiffs' Comments on Jury Instruction No. 43**

Plaintiffs have carefully considered the issues raised by Jury Instruction No. 43.  If the jury is instructed with a form of verdict that requires only a total award of damages, Plaintiffs believe the Court's Jury Instruction No. 43 (although not required) would not be erroneous.  However, if a special verdict is used in which damages awards are identified separately by cause of action, the instruction would invite legal error and also would create a significant risk of an inconsistent verdict.

As the Court noted in its Order Re: Reasoning for Proposed Final Jury Instructions (Dkt. No. 829), the guidance for use of CACI 3934 provides:

> It is not necessary to give this instruction if the same damages are recoverable on all causes of action, counts, or legal theories, although giving only the opening paragraph might be appropriate.

In this case, the Court has ruled that the same damages – lost profits and unjust enrichment – are recoverable on both the trade secret misappropriation claim and the breach of contract

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

PLAINTIFFS' RESPONSE RE
FINAL JURY INSTRUCTIONS
Case No. 5:15-cv-01370-EJD

2

30692\6668630.1

1  claim.[2]  Furthermore, although they disagree about the amount of any damages to be awarded,

2  neither of the financial experts who testified in the case (Mr. Wagner and Mr. Napper) expressed

3  the opinion that the amount of damages awarded by the jury should be different for the alleged

4  trade secret misappropriation and the alleged breach of contract.  Accordingly, because "the same

5  damages are recoverable" under both causes of action, the CACI 3934 instruction is unnecessary.

6  More importantly, however, giving any version of this instruction – even just the opening

7  paragraph instructing against duplication – presents a very significant risk of juror error and an

8  inconsistent verdict *if* the form of verdict used requests that the jury calculate an award for each

9  cause of action.  As the case law cited in support of the CACI instruction explains, duplication of

10  damages amounts presents a concern – and an instruction such as that in CACI 3934 should be

11  given – only  if the verdict is a general verdict or a special verdict that includes a total damages

12  award for all causes of action.

> "The trial court instructed the jury . . . that [plaintiff] could not be awarded duplicative damages on different counts, thus suggesting that it was the jury's responsibility to avoid awarding duplicative damages.  But neither the instructions nor the special verdict form told the jury how to avoid awarding duplicative damages.  With a single general verdict or a general verdict with special findings ***where the verdict includes a total damages award, the jury presumably will follow the instruction (such as the one given here) and ensure that the total damages award includes no duplicative amounts***.

Singh v. Southland Stone, U.S.A., Inc., 186 Cal.App.4th 338, 360 (2010).  The Court goes on to note, however, the problem that would arise if the "no duplication" instruction is given in conjunction with a special verdict form that requires the jury to find the amount of damages separately for each cause of action:

> ***A special verdict on multiple counts, however, is different.  If the jury find the amount of damages separately for each count and does not calculate the total damages award, as here, the jury has no opportunity to eliminate any duplicative amounts in calculating the total award.***  Absent any instruction specifically informing the jury how to properly avoid awarding duplicative damages, it might have attempted to do so by finding no liability or no damages on certain counts, resulting in an inconsistent verdict."

---

[2] Plaintiffs also note that any potential duplication of amounts between lost profits and unjust enrichment is already addressed in the last paragraph of the unjust enrichment instruction, Jury Instruction No. 41.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

PLAINTIFFS' RESPONSE RE FINAL JURY INSTRUCTIONS
Case No. 5:15-cv-01370-EJD

3

30692\6668630.1

Id. In other words, by instructing the jury not to duplicate amounts between the trade secret misappropriation claim and the breach of contract claim, but also asking the jury to separately provide amounts on a special verdict form for each cause of action, the results of the jury's findings are muddied. Does a finding of no liability on one cause of action reflect a decision that the liability elements of the claim had not been satisfied by the evidence, or does it represent an attempt by the jury to avoid duplication of damages awarded for the other cause of action? Similarly, and of equal concern, does an award of "0" damages for one of the two causes of action represent a decision that no damages were incurred, or does it indicate that the jury found that all of the damages incurred were duplicative? The risk of jury confusion and an inconsistent verdict is significant.

Accordingly, if a special verdict is used in which the jury is asked to award damages separately for each cause of action, Plaintiffs request that the special verdict also require a separate finding as to the "total amount of damages eliminating any duplicative amounts" pursuant to Jury Instruction No. 43 so that there is a clear record of what the jury decided. This course was expressly recommended by the court in Singh. Singh, 186 Cal.App.4th at p. 360 ("In our view, a special verdict on multiple counts should include factual finding identifying any duplicative amounts, or a finding as to the total amount of damages eliminating any duplicative amounts, so as to allow the trial court to avoid awarding duplicative damages in the judgment.") (internal citation omitted.) If this alternative course is followed, Plaintiffs also request that Jury Instruction No. 43 be modified to instruct the jury that they are to find damages *separately* for each cause of action and only eliminate duplication when calculating the *total* damages amount on the verdict.

Dated: May 8, 2018                     FARELLA BRAUN + MARTEL LLP

                                        By:  */s/ Stephanie P. Skaff*
                                             Stephanie P. Skaff

                                        Attorneys for Plaintiffs BLADEROOM GROUP
                                        LIMITED and BRIPCO (UK) LIMITED

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

PLAINTIFFS' RESPONSE RE
FINAL JURY INSTRUCTIONS
Case No. 5:15-cv-01370-EJD

4

30692\6668630.1