United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BLADEROOM GROUP LIMITED, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EMERSON ELECTRIC CO., et al.,<br><br>Defendants. | Case No. 5:15-cv-01370-EJD<br><br>**ORDER RE: EMERSON'S REQUEST TO "UN-ADMIT" CERTAIN EVIDENCE**<br><br>Re: Dkt. No. 821 |

Emerson moved to "un-admit" a group of exhibits it believes are inadmissible hearsay. Dkt. No. 821. Plaintiffs opposed the request. Dkt. No. 819. The court previously denied Emerson's motion on the record. This order provides the reasoning underlying that ruling.

## I. EMERSON WAIVED ANY OBJECTION TO THE EXHIBITS

Each of the 30 exhibits Emerson now seeks to exclude from the evidentiary record was admitted during trial without objection. Tr., Vol. 7, at 1385:12-1386:18 (Emerson's counsel stating there is no objection to Exhibits 1430, 1435, 1437, 1446, 1452, 1458, 1479, 1491, 1590, 1610, 1614, 1615, 1619, 1624, 1660, 1667, and 2095); Tr., Vol. 9, at 1839:21-1840:17 (admitting "agreed upon" Exhibits 1459, 1488, 1505, 1524, 1564, 1568, 1592, 1633, 1735, 1826, 2065 and 2072 without objection); Tr., Vol. 12, at 2561:24-2562:8 (Emerson's counsel stating there is no objection to Exhibit 2191). Plaintiffs argue that as a result, Emerson has waived any hearsay objection. The court agrees.

Objections to evidence must be timely. Fed. R. Evid. 103(a)(1)(A). This rule requires an objection "be made as soon as the ground of it is known, or could reasonably have been known to the objector, unless some special reason makes its postponement desirable for him and not unfair

Case No.: 5:15-cv-01370-EJD
ORDER RE: EMERSON'S REQUEST TO "UN-ADMIT" CERTAIN EVIDENCE

1

to the offeror." Jerden v. Amstutz, 430 F.3d 1231, 1236 (9th Cir. 2005) (quoting 21 Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure § 5037.1 (2d ed. 2005)). "The requirement of timely and specific objections 'serves to ensure that the nature of the error [is] called to the attention of the judge, so as to alert him [or her] to the proper course of action and enable opposing counsel to take corrective measures.'" Id. (quoting United States v. Gomez-Norena, 908 F.2d 497, 500 (9th Cir. 1990)).

An objection is "timely" under Rule 103(a)(1)(A) "if it is made as soon as the opponent knows, or should know, that the objection is applicable." Id. at 1236-37 (quoting 1 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 103.11).

Here, the record shows that Emerson knew, or certainly should have known, that a hearsay objection was potentially applicable to each exhibit it now seeks to "un-admit." According to Emerson, these exhibits are internal Facebook emails constituting inadmissible hearsay, and are not excluded from hearsay by the exception for coconspirator statements provided by Federal Rule of Evidence 801(d)(2)(E). But Facebook was released from the trial on May 9, 2018, due to a settlement with Plaintiffs - and on that same day, counsel for Plaintiffs and Emerson each addressed the hearsay exclusion for coconspirator statements. Tr., Vol. 5, 998:11-12 (Plaintiffs' counsel stating "[t]hat evidence would come in for a conspirator exception under the hearsay rule in any event"); 999:18-1000:5 (Emerson's counsel stating, inter alia, "[s]o one of the things that I think we should be thinking about is the conspiracy issue," and that evidence "may come in" under Rule 801(d)(2)(E)). There is, therefore, no reasonable explanation for Emerson to have waited until after the exhibits were admitted to object on hearsay grounds.

Emerson attempts to explain its failure to object with a "running hearsay objection" it believes was permitted by the court. The record does not support Emerson on this point. Emerson relies on a side-bar conversation which occurred while Barnaby Smith was testifying, during which the following exchange occurred, in relevant part:

> MR. HOLTSHOUSER: Our objection, I think, to this line of questioning is that we're listening to a lot of hearsay and I anticipate its going to continue as to BladeRoom eliciting testimony as to

Case No.: 5:15-cv-01370-EJD
ORDER RE: EMERSON'S REQUEST TO "UN-ADMIT" CERTAIN EVIDENCE
2

| | |
|---|---|
| 1 | things that Facebook individuals say in meetings. |
| 2 | We have documents.  They speak for themselves.  I think to some extent they come in. |
| 3 | But if we're going to have repeated questioning about Facebook's side of conversations, I think I'd like to have a running hearsay objection to that. |
| 4 | |
| 5 | And it should be excluded.  They're not a party opponent as to us. |
| 6 | THE COURT: Ok. |

Tr., Vol. 6, at 1064:25:1065:8.

The court did not intend to permit a continuing objection to any evidence by responding with "ok" to counsel's statement about a running hearsay objection, but understands the record may be ambiguous on that point.  But even construing the record to include an ambiguity, any continuing objection would have been limited to the terms of the request; that is; it would apply only to any "repeated questioning about Facebook's side of the conversations" during Smith's testimony - not to any documents admitted without objection.  See United States v. Khan, 993 F.2d 1368, 1377 (9th Cir. 1993) (holding that to reserve a continuing objection, the moving party must "request that his earlier objection apply to all other like evidence").  Because the record does not support a continuing objection to the exhibits, Emerson cannot explain its failure by claiming one was established.

Though the court recognizes it has "broad discretion in making evidence rulings and handling late objections" (Home Indem. Co. v. Lane Powell Moss & Miller, 43 F.3d 1322, 1329 (9th Cir.1995)), and that it may grant a subsequent motion to exclude evidence after it has been admitted, it will not do so under these circumstances.  Emerson should have known the exhibits were subject to a hearsay objection, and its untimely decision to object after the fact has unfairly prevented Plaintiffs from providing a curative response at the time admission.

This ruling is dispostive of the issue since it applies to all of the exhibits identified by Emerson, whether or not they could be admitted under Rule 801(d)(2)(E).  Emerson's motion will be denied for this primary reason.

Case No.: 5:15-cv-01370-EJD
ORDER RE: EMERSON'S REQUEST TO "UN-ADMIT" CERTAIN EVIDENCE

3

## II. SEVERAL OF THE EXHIBITS ARE ADMISSIBLE UNDER RULE 801(D)(2)(E)

Although unnecessary in light of the ruling described above, the court also makes a preliminary fact determination based on a preponderance of the evidence that a conspiracy existed between Facebook and Emerson as of April 25, 2012, for the reasons explained in Plaintiffs' brief. Dkt. No. 819.

**IT IS SO ORDERED.**

Dated: May 9, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:15-cv-01370-EJD
ORDER RE: EMERSON'S REQUEST TO "UN-ADMIT" CERTAIN EVIDENCE
4