UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BLADEROOM GROUP LIMITED, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EMERSON ELECTRIC CO., et al., <br><br> Defendants. | Case No.  5:15-cv-01370-EJD <br><br> **ORDER RE: REASONING FOR FINAL JURY INSTRUCTIONS AND VERDICT FORM** |

The purpose of this order is to explain the reasoning behind the Final Jury Instructions read to the jury and the Verdict Form.

I. **FINAL JURY INSTRUCTIONS**

A. **Legal Standard**

"Jury instructions must be formulated so that they fairly and adequately cover the issues presented, correctly state the law, and are not misleading." Chuman v. Wright, 76 F.3d 292, 294 (9th Cir. 1996). They are "designed to clarify issues for the jury and to educate the jury about what factors are probative on those issues." Spesco, Inc. v. Gen. Elec. Co., 719 F.2d 233, 239 (7th Cir. 1983).

The court may properly reject proposed jury instructions that fail to adhere to these rules. See, e.g., McGonigle v. Combs, 968 F.2d 810, 824 (9th Cir. 1992). In addition, the court may reject instructions "as argumentative if it emphasizes the testimony of one witness while disregarding other relevant evidence." Specsco, Inc., 719 F.2d at 239.

B. **Discussion**

As before, the court does not discuss instructions to which it made no or only minor

Case No.: 5:15-cv-01370-EJD
ORDER RE: REASONING FOR FINAL JURY INSTRUCTIONS AND VERDICT FORM

1

revisions from the version included in the Proposed Final Jury Instructions. Dkt. No. 827.

Considering those statements, the chart below summarizes the reasoning underlying the Final Jury Instructions read to the jury:

| FINAL JURY INSTRUCTION READ TO THE JURY | EXPLANATION |
|---|---|
| Jury Instruction No. 2 - Claims and Defenses | This instruction is based on Ninth Circuit Model Instruction 1.5.<br><br>The court has included this instruction to clarify the burdens of proof between Plaintiffs' causes of action and Emerson's affirmative defense, in conjunction with Jury Instruction No. 37. |
| Jury Instruction No. 27 - Misappropriation of Trade Secrets - Essential Factual Elements | Emerson proposed to remove the word "was" from the first (1) element. The court has instead modified the instruction to comport with the parties' factual stipulation that:<br><br>Bripco (UK) Ltd. is the owner of the alleged trade secrets asserted in this case. BladeRoom Group Limited is a licensee of the alleged trade secrets asserted in this case. |
| Jury Instruction No. 32 - "Combination Trade Secrets" Defined | This instruction has been modified from the proposed version in accordance with Plaintiffs' request for modification. Dkt. No. 833. |
| Jury Instruction No. 33 - Improper Means of Acquiring a Trade Secret | This instruction has been modified from the proposed version in accordance with Emerson's request for modification. Dkt. No. 832. |
| Jury Instruction No. 36 - Affirmative Defense - Information Was Readily Ascertainable by Proper Means | Emerson proposed to remove the word "acquisition" from the first paragraph in order to make it consistent with the other instructions and to make clear to the jury that the issue of misappropriation by acquisition is not an issue before them.<br><br>The court declines Emerson's proposed revision. In contrast to Emerson's position, maintaining the word "acquisition" in this instruction is actually consistent with Jury Instruction Nos. 24 and 36, both of which include acquisition by improper means as an element of misappropriation by use and disclosure. For this same reason, acquisition by improper means *is* an issue before the jury, though it alone cannot support a claim for damages.<br><br>This instruction was also modified to remove language identified by Plaintiffs' in their comments filed on May 8, 2018. Dkt. No. 840. |

| | |
|---|---|
| Jury Instruction No. 42 - Unjust Enrichment | Emerson objected to this instruction for the same reasons reflected in its Motion re: Burden of Proof on Unjust Enrichment. Dkt. No. 807.<br><br>The premise underlying both Emerson's motion and its objection to this instruction conflates several issues, including evidence of *damages* with evidence of *causation*. Plaintiff presented evidence on both topics during trial, and Emerson may argue that this evidence is insufficient to support a verdict in Plaintiffs' favor in a motion under Rule 50 or other post-judgment motion. But that possibility does not mean the jury should not be instructed based on the evidence in the record.<br><br>Furthermore, it is the court's position the instruction is legally accurate. "A complainant [] may recover for the unjust enrichment caused by misappropriation that is not taken into account in computing damages for actual loss." Cal. Civ. Code § 3426.3. "The plaintiff has the burden of establishing the defendant's sales; the defendant has the burden of establishing any portion of the sales not attributable to the trade secret and any expenses to be deducted in determining net profits." Restatement (Third) of Unfair Competition § 45 cmt. f (1995). While the sale of Emerson Network Power may represent a unique form of unjust enrichment damages - it is not "sales" in the classic sense - no authority provides that an award cannot be made based on the sale of a business so long as causation and the fact of existing damages are proven. Furthermore, Emerson is in the better position to show any portion of the sale not attributable to the trade secret, which observation conforms to the purpose of the burden shifting occurring when unjust enrichment damages are at issue. |

## II.  VERDICT FORM

The Verdict Form was revised from the version originally drafted by the court to incorporate most of the revisions detailed in Emerson's pleading filed on May 8, 2018. Dkt. No. 841.

**IT IS SO ORDERED.**

Dated: May 9, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:15-cv-01370-EJD
ORDER RE: REASONING FOR FINAL JURY INSTRUCTIONS AND VERDICT FORM
3